**Jane L. Herhold, Plaintiff-Appellee, v. Frank F. Herhold, Defendant-Appellant.**

Gen. No. 52,814.

First District, Third Division.

April 16, 1970.

 █

Westbrook, Jacobson and Brandvik, of Chicago (Lowell H. Jacobson and James A. Brandvik, of counsel), for appellant.

Siebel and Siebel, Rinella and Rinella, of Chicago (Arthur Siebel and Owen L. Doss, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The dispute in this case is over the terms of a property settlement incorporated into a divorce decree.

Jane Herhold filed a complaint for divorce alleging the desertion of the defendant, Frank Herhold. Herhold denied the desertion and demanded a jury trial. During the selection of the jury the parties reached an agreement and the jury was discharged. The plaintiff was the only witness at the hearing which followed. In proving up her case she testified as to the terms of the property settlement agreed to by herself and her husband. No evidence was adduced of the financial condition of either party but from the complaint, answer and other pleadings, it appears that both had substantial means and independent income. At the conclusion of the hearing the court stated that the plaintiff would be granted a divorce and instructed the parties to present an agreed decree.

When a decree drafted by the plaintiff was shown to the defendant he objected that it did not conform to the agreement. The defendant prepared his own decree and both were submitted to the court. At the court's suggestion the parties and their attorneys testified as to their understanding of the settlement. The court accepted the plaintiff's version of the agreement and en-

tered the decree tendered by her. It is from this that the defendant appeals.

Only one item of the property settlement was in dispute and the decrees submitted to the court were identical except as to this item: the terms of the defendant's will in regard to the children of the parties, who at the time of the hearing were 27, 23 and 22 years of age. The report of proceedings of the divorce hearing contains the following testimony by the plaintiff:

Plaintiff's Attorney: "Now, your husband has agreed that he will guarantee to leave to the children a minimum of $75,000 in his estate, the minimum of $75,000 or 50 percent, whichever would be greater?"

Defendant's Attorney: "Not exactly."

Plaintiff's Attorney: "All right. He guarantees to leave $75,000?"

The Court: "Suppose it should be less?"

Defendant's Attorney: "He will guarantee $75,000."

The Court: "I was just kind of joking a little bit here."

The Plaintiff: "He has it."

During cross-examination the plaintiff testified:

Defendant's Attorney: "All right. One other question. On this, Mr. Herhold plans to make a will in which he will guarantee to leave at least $75,000 to the three children, the total of that for the three children?"

Plaintiff: "You said a minimum."

Defendant's Attorney: "Yes."

Plaintiff: "Yes."

Defendant's Attorney: "Because we don't know what market conditions and what will happen, but that's a commitment that he will make. O.K. nothing further."

The decree drafted by the plaintiff ordered the defendant to bequeath to his children:

". . . a sum of money equal to one-half (50%) of his gross estate, but in no case to be a net sum of money less than $75,000.00, in which connection the term 'gross estate' shall mean the gross estate as computed for federal estate tax purposes, and also including one-half (50%) of the value of any property disposed of by way of gift or trust during his lifetime."

This provision was contrary to the agreement approved by the plaintiff in her testimony. The transcript shows that she understood her husband's will was to provide a minimum of $75,000 for their children. At no place in her examination did she indicate that more had been agreed upon. On the only occasion when a suggestion was made by her counsel that the defendant had agreed to leave the children one-half of his estate, the attorney for the defendant objected; her counsel backed away, saying, "All right" and thereafter spoke only of $75,000.

 In a written memorandum explaining his decision to accept the decree presented by the plaintiff, the chancellor stated that the transcript confirmed the plaintiff's contention about the terms of the agreement. But, as we have seen, it did not. Although the plaintiff's counsel had asserted that the report of proceedings was inaccurate, the charge was not substantiated. Supreme Court Rule 329 states that, "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule." The rule further provides that the record may be corrected by the trial court. Ill Rev Stats 1967, c 110A, par 329. In this case the trial court certified to the accuracy of the report of proceedings. The certification of the trial court is conclusive in a court of review. Gebhardt v. Warren, 399 Ill 196, 77 NE2d 187 (1948).

██ ██ The divorce was uncontested only because the plaintiff and the defendant entered into an oral contract concerning the disposition of their property. If the contract had not been made, the trial would have continued, and there is no certainty that the plaintiff would have prevailed. If she was dissatisfied with its terms she could have withdrawn from the contract and the divorce proceeding would have reverted to its contested status. But she did not withdraw; she obtained the divorce and is bound by her contract. She does not claim that the contract was the result of fraud, misrepresentation or coercion. It was negotiated by her attorneys and confirmed by her in open court. She could not unilaterally change its terms, nor could the court do so on its own accord and order something it was powerless to decree.

 The provision in dispute did not relate to alimony in gross or to a settlement in lieu of alimony. Ill Rev Stats 1967, c 40, par 19. It was not a provision subject to the court's control. The provision related to their children—all of whom had reached their majority. The youngest, 22, a college senior, was within a few months of graduation. The defendant had agreed, and the decrees of both parties provided, that he would pay for her continued education. He was under no obligation to do more and he was under no legal obligation to leave his estate or any part of it to the children. Cooper v. Cooper's Estate, 350 Ill App 37, 111 NE2d 564 (1953). His obligation to do so was created by the contract and only by the contract. The contract could not be altered without his consent and the court was without authority to modify it or to enter a decree contrary to it.

The decree presented by the plaintiff and entered by the court did not conform to the agreement upon which the uncontested divorce was predicated. The decree presented by the defendant carried out the agreement. It stated:

"(g) That the defendant shall leave in full force and effect at his death, and shall provide the plaintiff with a copy thereof, a legal, valid, and subsisting Last Will and Testament, devising and bequeathing to the then surviving children of the parties hereto, share and share alike, or in the event of the death of any one or all of the said children prior to the defendant's death, to their respective descendants (except the plaintiff herein), per stirpes and not per capita, a total sum of no less than $75,000."

The decree is vacated and the cause remanded with directions to substitute the above provision in the decree in place of the one submitted by the plaintiff. After this amendment is made the decree is to be reentered.

Reversed and remanded with directions.

SCHWARTZ and McNAMARA, JJ., concur.