Jeannine D. Frank, Plaintiff-Appellant, *v.* Robert John Frank, Defendant-Appellee.

(No. 73-428; 

Second District (2nd Division)—December 23, 1975.

Arthur Charles Holt, of Waukegan, for appellant.

Paul J. Collins, of Collins, Stepanich & Collins, of Waukegan, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals the order of the trial court striking his petition which sought to vacate a portion of a default divorce decree entered against him.

Plaintiff filed a complaint for divorce in April of 1973, and alleged that she was without means to independently support herself and the two children born of the marriage and unable to pay attorney's fees. She further alleged that defendant's earnings were believed to be in excess of $15,000 per year. The complaint itemized certain property jointly owned by the parties including the marital domicile and various vehicles.

In the prayer of the complaint, plaintiff requested temporary and permanent care and education for the children and support in the form of property to be set off and apportioned to plaintiff, temporary and permanent alimony in installments or gross or in the form of property apportioned to her, and attorney's fees. Defendant was personally served with summons but failed to appear. At the hearing on the complaint, plaintiff testified as to defendant's earnings. She requested that defendant be responsible for child support of $50 per week per child, extraordinary medical and dental care, and college education for the children, to the extent of defendant's financial ability, and the children's academic ability and desire. She also requested the marital home, personalty thereof, a car and payment of $400 for attorney's fees. Finally, she asked that an associate judge be appointed to convey the property to her in the event the defendant refused to convey his interest. Default judgment was entered against defendant: the decree awarded plaintiff defendant's interest in the marital home in lieu of periodic alimony, furniture and furnishings, and an automobile. In addition, defendant was ordered to pay $50 per week per child, extraordinary medical and dental expenses, college education costs for the children, and $400 in attorney's fees. On May 22 a certified copy of the decree was mailed to the defendant.

In July, plaintiff petitioned the court for post-decree relief requesting that a rule be entered against defendant requiring him to show cause why he should not be held in contempt of court for certain conduct which violated the divorce decree. Plaintiff also requested that defendant be directed to convey to her his interest in the marital residence and to pay her attorney's fees as directed by the decree. Defendant was personally served with notice of the hearing on the petition but did not appear. Plaintiff's petition was granted and defendant was ordered to appear to show cause why he should not be held in contempt. Once again, defendant did not appear and was held in contempt of court. A

writ of body attachment issued and was executed. Thereafter, plaintiff petitioned the court to deed her the marital domicile. At this point in the proceeding, more than 3 months after entry of the divorce decree, defendant filed a petition under the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 72) seeking to set aside or modify those portions of the divorce decree relating to the property settlement, child support, and attorney's fees. The petition alleged certain evidentiary facts which defendant believed sufficient to modify the divorce decree, and requested an evidentiary hearing as to these matters. The petition was not accompanied by an affidavit asserting a meritorious defense and due diligence. Plaintiff's motion to strike defendant's petition was granted by the trial court.

On appeal, defendant contends that the trial court erred by granting the motion to strike because (1) in spite of defendant's default, the court should not have made property awards without hearing evidence on the circumstances of the parties, their means, needs, property and income; (2) the evidence at the default hearing was insufficient to award plaintiff child support, property in lieu of alimony, and attorney's fees; (3) a defaulted defendant must be given notice of application to assess unliquidated damages.

Section 18 of the Divorce Act (Ill. Rev. Stat. 1973, ch. 40, § 19) provides as follows:

> "When a divorce is decreed, the court may make such order touching the alimony and maintenance of the wife or husband, the care, custody and support of the children, or any of them as, from the circumstances of the parties and the nature of the case, shall be fit, reasonable and just and, in all cases, including default cases, the court shall make inquiry with respect to the children of the parties, if any, and shall make such order touching the care, custody, support and education of the minor children of the parties or any of them, as shall be deemed proper and for the benefit of the children. The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable."

■■ In awarding child support and alimony in a divorce case, the needs of the parties and children are to be weighed against the available means of the parties, due regard being given to their station in life. (*Everett v. Everett*, 25 Ill.2d 342, 344 (1962).) In ordering a conveyance in lieu of alimony, the recipient spouse must demonstrate that she is entitled to alimony, the conveyance is equitable, and the periodic pay-

ment of alimony would not be feasible. (*Smothers v. Smothers,* 25 Ill.2d 86, 87-88 (1962).) Excessiveness of alimony in gross, however, is not determined by a comparison of annual incomes, for the responsibilities of the paying spouse to support and maintain the recipient spouse terminates with payment of the award in gross. (*Still v. Still,* 96 Ill.App.2d 320, 323 (1968).) To justify the award of attorney's fees in a divorce case, the party seeking this relief has to demonstrate a financial inability to pay and the ability of the other spouse to do so. *Kaufman v. Kaufman,* 22 Ill.App.3d 1045, 1050 (1974).

In the instant case, plaintiff specifically alleged in the complaint and testified at the hearing regarding her need and defendant's ability to pay for child support, expenses and attorney's fees. The evidence further reveals that defendant's drinking habits made periodic alimony payments unfeasible. Although plaintiff was not questioned as to her exact earnings at the hearing, we do not deem this omission grounds for a new hearing. The evidence offered, although succinct, was sufficient to sustain the divorce decree.

■■ Defendant's third contention, that a defaulted defendant must be given notice of application to assess unliquidated damages, is without merit. He attempts by this argument to engraft to divorce law the damage theory of tort law. As already set forth, the trial court is authorized by statute to make property awards in case of default.

■■ Our review of the record also discloses that defendant failed to offer any defense, even to the order to show cause why he should not be held in contempt of court, until he was physically brought before the court. The petition he then filed, purportedly one under section 72, was wholly inadequate to set aside or modify a portion of the divorce decree and to remand for a new evidentiary hearing. The petition is not accompanied by a supporting affidavit and does not allege due diligence. Section 72, allowing vacation of judgments, is designed to bring to the attention of the court factual matters which if known to the court would have prevented the rendition of judgment. It was never intended that this procedural provision should afford a litigant a fresh opportunity to do that which he should have accomplished in an earlier proceeding, or to relieve him of the consequences of his own negligence. *Fisher v. Rhodes,* 22 Ill.App.3d 978, 981 (1974).

We therefore find that the trial court properly struck defendant's petition to modify the divorce decree.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.