VIRGINIA PEARSON, Plaintiff-Appellee, *v.* LINDSEY L. PEARSON, Defendant-Appellant.

Second District (2nd Division)    No. 75-354

Opinion filed October 7, 1976.

Alex Beresoff and Robert J. Wysong, both of Wysong & Beresoff, of Downers Grove, for appellant.

Anthony F. Mannina, of Downers Grove, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This appeal arises out of an action for divorce. Virginia Pearson, the wife, sued Lindsey Pearson, the husband, for separate maintenance. The husband filed a counterclaim for divorce. The parties agreed through counsel to the terms of a property settlement should the court grant a noncontested divorce and this agreement was reduced to a written memorandum, although not in the form of a formal property settlement. During the negotiations between counsel no mention was made of the wife's attorney's fee and the memorandum made no reference to said attorney's fee. At the prove-up the wife's counsel, referring to the memorandum of the agreement, elicited testimony from the wife acknowledging the terms of the agreed property settlement as to child custody, support, visitation, alimony, income tax refunds, division of personal property and the sale and disposition of the proceeds of the marital home. All of this was part of the record at the prove-up. The question of the wife's attorney's fee was not mentioned during this testimony. The case was heard as a default matter on the wife's complaint (which had been amended to include a prayer for divorce) and there was no objection to the testimony referred to by plaintiff's counsel nor was there any evidence by the husband. At the close of the proofs the court said: "The decree of divorce will be granted. The parties are admonished

not to marry until the decree is executed. The oral property settlement is approved and will be made a part of the decree."

Some 4 weeks later and before the decree of divorce had been signed, the wife's attorney appeared before the trial judge and moved to " * * * re-open the proofs taken on May 2, 1975, for the purpose of determining the issue of plaintiff's attorney's fees." Defense counsel objected to re-opening the proofs for this purpose, contending the previous terms agreed to constituted the whole agreement between the parties and the addition of an obligation for an attorney's fee would substitute a new agreement for the one previously agreed upon, without the husband's consent. Defense counsel also objected to an attorney's fee on the ground that there had been no finding of fact as to the wife's inability to pay her own attorney's fee or husband's ability to pay. Both objections were overruled.

The husband then moved for a new trial "to permit proofs to be adduced in a contested action rather than in a stipulated default matter which has been forced on defendant by plaintiff's attorney and this honorable court."

This motion was denied and the court allowed the wife's counsel to present evidence as to the hours spent on the divorce matter and granted his motion for an allowance of an attorney's fee in the amount of $750. The divorce decree entered on June 10, 1975, so provided in addition to the other items which had been agreed to at the prove-up.

Prior to the entry of the divorce decree and pursuant to the terms of the property settlement the marital home had been placed on the market and sold. Due to questions raised at the closing concerning the net amount due to the respective parties and the responsibility for the wife's attorney's fee, the proceeds of the sale were being held in escrow by Lisle Savings and Loan Association in the form of three checks, one to the wife, one to the husband and one to the wife's attorneys. On July 1, 1975, at 9:47 a.m. defense counsel filed notice of appeal from the divorce decree. A copy of this notice was properly presented to the trial court bearing the clerk's stamp. At 12:47 p.m. defense counsel filed a motion for a change of judges and in oral argument questioned the trial judge's jurisdiction to enter any further orders following the filing of the notice of appeal. The motion and an oral motion questioning the court's jurisdiction were denied. At 2:02 p.m. on that same day wife's counsel moved for an order requiring Lisle Savings and Loan Association to pay the sums being held in escrow from the house sale to the wife's attorneys. However, the Lisle Savings and Loan Association previous to such order had deposited the checks representing the proceeds with the clerk of the circuit court. On July 3, 1975, the judge entered an order on the clerk of the circuit court requiring him to deliver the two checks representing the proceeds due to the wife

and her attorneys to her attorneys and the check for the husband's proceeds to the husband. This order was complied with by the circuit court clerk.

In this appeal the husband contends:

(1) The trial court erred in denying husband's motion to open proofs as to alimony, child support, custody and property division after proofs were re-opened as to wife's attorney's fee.

(2) The trial court erred in granting an attorney's fee to the wife without a hearing on the question of her need for and entitlement to such fee based on financial considerations.

(3) The trial court erred in entering certain orders subsequent to the filing of the appeal and notice thereof to the court.

(4) The defendant husband had an absolute right to a change of venue as to the issue of the trial court's jurisdiction to enter any orders subsequent to the filing of the notice of appeal. The trial court erred in denying such petition.

At the outset we note the wife's contention that the husband is estopped to prosecute this appeal because he accepted benefits under the divorce decree, this evidently referring to his sharing the proceeds of the house sale. This does not appear to us to be a valid argument. The defendant actually received nothing under the decree which he did not already have. Title to the house being in joint tenancy to begin with, the proceeds were allotted accordingly and the parties remained in the same relative position after the sale as they had been previous to it. (See *Katz v. Katz* (1973), 10 Ill. App. 3d 39.) The trial court remarked that the husband was relieved by the sale of the obligation to continue making mortgage payments but the property settlement provided that the house would be put on the market immediately so the obligation to continue making mortgage payments while the wife resided in the house was a transitory one and actually the house was sold and this obligation terminated before the decree was entered. Moreover, the mortgage payments increased the net proceeds available to both parties. In any event, the husband was required by the terms of the property settlement, which was merged into the decree, to put the house up for sale immediately and being required to do so it would be straining logic to hold him to be estopped from appealing a certain part of the decree because he was constrained to carry out the rest of it.

Several issues are raised by the husband in this appeal as indicated above. However, we find it necessary to discuss only one—the contention that the court erred in re-opening the proofs after proofs had been closed and over defendant-husband's objections for the sole purpose of adding a provision for payment of an attorney's fee to the husband's obligations under the property settlement. The husband contends this, in effect,

substituted a new property settlement which he would not have agreed to had it been broached originally and he would not have agreed to an uncontested divorce embracing the provisions as to child support, child custody, alimony and property division set forth in the original agreement had this added provision been in the agreement originally. The husband argues, therefore, that it was error to re-open the proofs for one limited purpose and if the proofs are to be re-opened the other issues are also subject to being re-opened. In *Herhold v. Herhold* (1970), 123 Ill. App. 2d 293, a similar situation arose. There was an agreed property settlement, pursuant to which the divorce action was settled and the jury discharged before reaching a verdict. When the decree of divorce was shown to the defendant he objected that the decree did not conform to the agreement. The court, after considering the defendant's proposed decree and the testimony of the parties, accepted the wife's version of the agreement and entered the decree accordingly. The husband appealed and the appellate court reversed the trial court, finding that there was a difference between the original agreement and the agreement as embraced in the decree. The court said (page 297):

"The divorce was uncontested only because the plaintiff and the defendant entered into an oral contract concerning the disposition of their property. If the contract had not been made, the trial would have continued, and there is no certainty that the plaintiff would have prevailed. If she was dissatisfied with its terms she could have withdrawn from the contract and the divorce proceeding would have reverted to its contested status. But she did not withdraw; she obtained the divorce and is bound by her contract. She does not claim that the contract was the result of fraud, misrepresentation or coercion. It was negotiated by her attorneys and confirmed by her in open court. She could not unilaterally change its terms, nor could the court do so on its own accord and order something it was powerless to decree."

■■ The wife in our case argues that the granting of her attorney's fee in a divorce action is within the discretion of the court, regardless of the terms of the property settlement and in support of that argument invokes the language of the decision in *Johnson v. Johnson* (1970), 131 Ill. App. 2d 370. Before commenting on the *Johnson* case we must observe, however, that the trial court's discretion in this regard is a qualified one, subject to certain conditions which were not properly established here—that is, the inability of the petitioning spouse to pay and the relative greater ability of the other spouse to pay such fee. See *Frank v. Frank* (1975), 34 Ill. App. 3d 957; *Lenz v. Lenz* (1975), 33 Ill. App. 3d 568; *Lacey v. Lacey* (1974), 24 Ill. App. 3d 776.

In *Johnson* the wife obtained an order for temporary attorney's fees in

the amount of $200 during the pendency of the divorce proceedings and before there was any prove-up. The husband failed to pay the attorney's fee so allowed and contended the court's order awarding same was invalid because the parties had previously stipulated in a purported property settlement that each party would pay its own attorney's fees and costs. In commenting on this contention the appellate court said (page 373):

> "A written stipulation and a property settlement agreement in a divorce case cannot be enforced when not approved by the court. A determination of property rights can be made after a divorce decree is entered."

There are, however, two points of distinction between that case and the case before us which makes the language quoted above inapposite here. First, the court in the *Johnson* case was invoking its discretionary power to allow *temporary* attorney's fees as authorized by the Divorce Act, section 15 (Ill. Rev. Stat. 1975, ch. 40, par. 16). The purpose of this section is to assist an inpecunious spouse (usually the wife) who might otherwise be precluded by lack of funds from filing and maintaining an action for divorce. In the case before us this provision was not invoked by the wife and no mention was made of any temporary attorney's fee. The case proceeded without reference to an attorney's fee until some weeks after the prove-up of the default divorce and the establishment of the terms of the property settlement. The trial court's authority to require the husband to pay any temporary attorney's fee in order that the wife might maintain the suit is, therefore, not involved here. In any event, however, the *Johnson* case is not parallel to the case we consider here because in the case at hand the court expressly approved the terms of the property settlement as testified to by the wife at the time of the default prove-up. He later, in his written decree, added a provision to such property settlement for her attorney's fee. The rationale of the *Johnson* case was that the court had not approved the property settlement at the time he entered the order for payment of the temporary attorney's fee. In the present case the court expressly approved the property settlement immediately after the wife had testified, saying: "The oral property settlement is approved and will be made a part of the decree."

In *James v. James* (1958), 14 Ill. 2d 295, our Supreme Court said (page 299):

> "While it is beyond the power of parties to adjust the question of divorce by consent or agreement, the power to themselves adjust future maintenance or property rights is well recognized. When this is done and the contract of the parties is embodied in the decree for divorce, that portion of the decree has been held to be a consent decree which, unless induced by fraud, thereafter precludes the rights of the parties."

■■ ■ While, therefore, a temporary attorney's fee may be allowed where necessary to maintain a divorce action, it is not allowable as a supplement to the property settlement after a default divorce and a property settlement based thereon has been approved by the court without reference to such fee. We must agree with the husband's contention that this would amount to writing a new contract for the parties after the stipulated contract had been submitted and approved by the court. While it is true the modification in the property settlement was made prior to the entry of the decree, hence did not attempt to modify the decree itself, we feel it was a change in the obligations set forth in the property settlement rather than a mere exercise of a statutory discretion to allow an attorney's fee. Such modification with regard to an attorney's fee may not be made merely for the convenience of the attorneys but is designed to aid an impecunious spouse in the exercise of a right from which he or she might otherwise be precluded due to lack of funds. This discretion is not applicable in this case.

In this case counsel for the wife obviously did not rely on the husband or the aid of the court in regard to his fee in making the property settlement and the divorce prove-up was completed and approved long before it occurred to counsel to try to obtain this fee from the husband. At that point the consideration for the agreement—which was the husband's forbearance to contest the default divorce—had already passed and it was error for the court to subsequently increase the husband's obligation to the extent of the wife's attorney's fee. We feel the case falls within the language of *Herhold* as quoted above and within the language of the recent case of *Kinzora v. Kinzora* (1976), 37 Ill. App. 3d 290. In that case, as here, after evidence had been heard on the question of attorney's fees and alimony the court orally announced its findings. Subsequently, the husband filed a motion for leave to present supplementary evidence on the issue of alimony. The court refused to consider the evidence proffered by the husband. In sustaining the ruling on appeal, the appellate court said (page 293):

> "Defendant argues on appeal that it was an abuse of discretion for the trial court to refuse to reopen the case after the oral findings had been announced but before a written order was prepared. We disagree. Once a case has been closed, neither party, as a matter of right, can reopen it to introduce new testimony."

Consistent with the language quoted above, which we believe to be a correct statement of the law, we hold it was error for the trial court to have reopened the proofs over defendant's objection in order to allow evidence tending to establish an obligation not considered by the parties in their agreed settlement; nor claimed at the prove-up.

The divorce, of course, is not invalidated by this error, since it was

validly established and is not affected by any agreement or lack of agreement between the parties themselves. See *James v. James*.

Accordingly, the decree (judgment for divorce entered on June 10, 1975) is vacated and the cause is remanded with directions to delete Provision C in the ordering portion of said decree relative to the payment by the defendant of the sum of $750 as and for wife's attorney's fee. After the said provision for the attorney's fee is deleted the decree is to be re-entered.

Reversed and remanded with directions.

T. J. MORAN, P. J., and DIXON, J., concur.