*In re* MARRIAGE OF FILOMENA MASALIHIT, Petitioner-Appellant, and TOMAS MASALIHIT, Respondent-Appellee.

First District (1st Division)   No. 79-207

Opinion filed November 26, 1979.

Bernstein & Rochell, Ltd., of Wheeling (Howard Bernstein, of counsel), for appellant.

Abramson & Fox, of Chicago (Susan A. Welter, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Petitioner Filomena Masalihit appeals from an order denying her section 72 petition to vacate a 1978 judgment in her favor for the dissolution of her marriage with respondent Tomas Masalihit. In 1974, respondent Tomas Masalihit obtained a default judgment for the

dissolution of their marriage. Respondent remarried and now has a child by that marriage. Petitioner had that judgment for dissolution vacated and allegedly commenced the 1978 divorce proceedings against respondent to avoid being deported. In her section 72 petition, petitioner alleged that her former attorney fraudulently advised her that she would be deported unless she obtained her own judgment for dissolution of the marriage.

On appeal, petitioner argues (1) that her section 72 petition was erroneously denied since the 1978 judgment was the product of fraud and coercion; (2) the trial court erred in halting testimony concerning the parties' assets and means of support; and (3) the trial court abused its discretion in refusing to vacate a divorce judgment based on fraud and coercion.

We affirm.

Petitioner, Filomena Masalihit and respondent Tomas Masalihit were married in January of 1973. On April 5, 1974, respondent obtained a default judgment for dissolution of the marriage against petitioner. Service of process was by publication. Respondent subsequently remarried and presently has a child by that marriage. Petitioner has not remarried.

On November 8, 1977, petitioner filed a section 72 petition to vacate the judgment which alleged improper service of process. Immediately prior to the hearing on the petition, petitioner informed her attorney that she no longer wished to be married to respondent. She stated further that she wanted the judgment vacated so that the court could hear her side of the controversy and enter a judgment in her favor.

On January 10, 1978, petitioner filed her own petition for dissolution of the marriage. During a hearing on the matter, petitioner testified that she was acting of her own free will and was not seeking maintenance or support. She testified that she merely wanted a dissolution of her marriage with respondent. Subsequently, a judgment for dissolution of marriage was entered in petitioner's favor on January 30, 1978.

An agreed order setting aside the April 5, 1974, judgment for dissolution of the marriage was also entered on January 30, 1978. Pursuant to its terms, petitioner paid respondent $700 in order to defray a portion of the attorney's fees and expenses associated with the remarriage necessitated by these proceedings. It was further agreed that respondent would not contest either the section 72 petition to vacate the 1974 divorce or petitioner's 1978 petition for dissolution of their marriage.

On August 23, 1978, petitioner filed another section 72 petition. This time she sought to vacate the 1978 judgment dissolving her marriage with respondent. In her petition, she alleged that she never really intended to divorce respondent, but did so only to avoid being deported.

During the hearing on the petition to vacate, Ira Gilbert testified that he overheard a conversation between petitioner and her former attorney which took place in court on November 15, 1977. According to Gilbert, her former attorney stated that the April 5, 1974, judgment dissolving her marriage with respondent could only be set aside if she paid respondent's attorney's fees and proceeded with a divorce proceeding in her name. This testimony was substantiated by Virginia Ancheta who also testified to overhearing the same conversation. Ms. Ancheta further testified that she overheard petitioner's former attorney state that petitioner would be unable to obtain her citizenship unless she paid her husband's attorney's fees.

Petitioner also testified. She also stated that her former attorney informed her that she would have to pay respondent's attorney's fees of $700 and file her own action for dissolution of the marriage or risk being deported. She stated that on January 10, 1978, she paid her former attorney $1000 for his services and also paid respondent's attorney $700 for his services. She testified further that she signed her 1978 petition for dissolution of the marriage 15 minutes prior to the hearing on the matter and that her only reason for doing so was fear of being reported to immigration authorities.

At the conclusion of the hearing, the trial court disbelieved the testimony on petitioner's behalf and concluded that petitioner's sole reason for attempting to vacate the 1978 judgment dissolving her marriage was to avoid paying respondent's attorney's fees. Consequently, petitioner's section 72 petition was denied and she appealed.

On appeal, petitioner first argues that the trial court erroneously denied her petition to vacate the 1978 divorce since that judgment was the product of fraud and coercion.

■■ In Illinois, the law is clear that section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) was not intended to relieve a party of the consequences of their own negligence. (*Frank v. Frank* (1975), 34 Ill. App. 3d 957, 342 N.E.2d 404.) Neither was it intended as a substitute for an appeal. *Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 321 N.E.2d 524.

In the instant case, petitioner was repeatedly asked during the divorce hearing whether she was acting of her own free will. She consistently answered in the affirmative. However, in her section 72 petition and the subsequent hearing, she stated that she never wanted a divorce and that she was coerced into seeking a divorce for fear of deportation. She was given ample opportunity to assert these claims during the divorce hearing but failed to do so. When questioned at the section 72 hearing as to why she failed to make her objections known earlier, she responded that she was "scared."

■■■ In *Anderson v. Anderson* (1955), 4 Ill. App. 2d 330, 124 N.E.2d 66,

the court held that fear and confusion are not a valid reason for failing to bring to the court's attention matters which were known to the litigant at the time of the divorce hearing. In denying the petition to vacate the judgment for dissolution the court stated that petitioner "had a day in Court, an opportunity to be heard, * * * and nothing demands defendant be afforded a second opportunity to litigate jurisdictional or other facts. That, if true, defendant at the conferences preceding the divorce was heartbroken, crushed, did not want a divorce, feared coming into Court, felt it would damage his position as a chaplain and minister, was 'emotionally ill,' frightened, grieved, and bewildered, does not * * * show 'fraud' * * * preventing him from presenting any alleged defense, or 'duress and undue influence' * * * ." (4 Ill. App. 2d 330, 353, 124 N.E.2d 66, 77.) The court went on to note that by intentionally failing to disclose these facts at the divorce hearing, petitioner misled the court. Petitioner here is similarly guilty of misleading the court by failing to disclose her claimed fears and reasons for seeking the dissolution of her marriage at the divorce hearing. Section 72 was not intended to provide relief in such a case.

Petitioner next argues that the trial court erred in preventing her from presenting evidence during the section 72 hearing, to substantiate her claim that the 1978 divorce judgment and its settlement were manifestly unfair. She argues that the trial court erred in halting the direct examination of petitioner before she could testify concerning her assets, station in life, and needs.

We disagree. In the present case, the trial court found further testimony unwarranted since there existed no facts supporting her claims of fraud and coercion. In such a case, further testimony would have been futile. Consequently, it was not an abuse of discretion for the trial court to preclude testimony concerning the assets and needs of the parties. See *Clark v. Clark* (Ala. App. 1978), 356 So. 2d 1208.

Petitioner cites *Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832, for the proposition that before the fairness of a settlement can be determined, there "must be evidence of the manner in which the negotiations were conducted, the needs and station in life of the parties, or other circumstances affording the basis for such relief." Reliance on *Guyton* is misplaced, however. There, the court affirmed the denial of a petition to vacate a divorce judgment because the record contained no facts upon which a determination of fraud or unfairness could be made regarding the property settlement. The court did not hold that presentation of further testimony was necessary to support the petition to vacate.

Lastly, petitioner argues that the evidence at the section 72 hearing demonstrated that the petitioner's 1978 judgment dissolving her marriage

was obtained by fraud and coercion. Therefore, she argues, the trial court abused its discretion in denying her petition to vacate the judgment. In support of her contention, petitioner cites *James v. James* (1958), 14 Ill. 2d 295, 152 N.E.2d 582.

This argument is essentially a restatement of the first argument raised on appeal by petitioner. Consequently, we find little need to address it, except to point out that the instant case is distinguishable from *James*. In *James*, the issue was whether a divorce judgment should be vacated where one spouse failed to disclose the full extent of his assets. Here no attempt was made to conceal respondent's assets. Further, no attempt was made to expedite the divorce proceedings by discouraging petitioner from testifying truthfully as was the case in *James*. The record reveals that petitioner voluntarily and knowingly waived any claims for support after careful questioning at the divorce hearing. *James* is therefore not applicable.

Accordingly, for the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.