*In re* MARRIAGE OF DOROTHY MAHER, Petitioner-Appellee, and RONALD MAHER, Respondent-Appellant.

Second District    No. 80-513

Opinion filed May 8, 1981.

John B. Schwartz, of Mitgang, Levine & Schwartz, of Chicago, for appellant.

Richard L. Mandel, of Mandel, Lipton & Stevenson, of Chicago (Leonard Malkin, of counsel), for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Respondent, Ronald Maher (the husband), appeals an order of the circuit court of Du Page County denying his motion to vacate a previously entered "Agreed Order," which purported to resolve several matters in contention between respondent and the petitioner, Dorothy Maher (the wife). Among the provisions of the "Agreed Order" were paragraphs modifying the amount of unallocated support to be paid by the husband and ordering him to pay the wife approximately $23,500 for arrearages due under the original divorce decree, and to reimburse certain of her other costs and expenses. On appeal, the husband contends that this "Agreed Order" should have been vacated, claiming that he was misled concerning the nature of the agreement, and that the agreement was otherwise not binding upon him.

The parties were divorced on July 26, 1974. Custody of the parties' four minor children was awarded to the wife. On August 2, 1978, the custody provisions of the decree were modified as to the oldest child, whose custody was transferred to the husband. On August 22, 1978, the husband petitioned for a change of custody of the parties' other children. In connection with this petition, the wife was ordered to provide him with the children's medical, counseling and school records. On June 13, 1979, the court ordered the husband to withhold all future payments to the wife until the information in question was provided. On November 9, 1979, the wife filed a petition for rule to show cause, alleging that the husband was

in arrears in making support payments in an amount in excess of $11,600. She also filed on December 5, 1979, a petition requesting *inter alia* that she be deemed to have purged herself of contempt for any failure to turn over the records in question and that all funds withheld from her by order of court be ordered paid over forthwith. That same date, the court ordered the husband to pay over $4,000 of the amounts being withheld, less the costs of obtaining the records. On January 10, 1980, the wife filed a petition for an award of $645 in attorney's fees for services rendered in connection with obtaining the children's records. On February 27, 1980, the court found that the husband had failed to meet the statutory requirements (Ill. Rev. Stat. 1979, ch. 40, par. 610(b)) for a change of custody as to the three younger children and denied his petition.

Toward the end of February 1980, discussions took place between the parties, their respective attorneys and the trial court with a view to settling the outstanding matters in controversy. As a result of those discussions, a document resolving those matters was prepared in the form of an order and was signed by both parties and their attorneys. This "Order" was mailed to the trial court on March 28, 1980. The court reviewed the form of the document and observed that it purported to set out the court's findings upon the various matters pending. On April 21, 1980, the court informed counsel in open court that it could not enter such an order, as the hearing on all pending matters had not been concluded and no findings had been made. The husband's attorney then moved to withdraw as counsel and requested that the signed "Order" be returned. These motions were set for further hearing on May 15, 1980, at which time the wife submitted a document entitled "Agreed Order" containing only the decretal portions of the signed "Order" previously filed. The husband's counsel informed the court that the husband had told him prior to the April 21 hearing that he did not agree to the proposed settlement incorporated therein. The court questioned counsel and the husband and ascertained that all of the signatures on the original draft order were genuine. The court thereupon entered the "Agreed Order" and denied the husband's attorney permission to withdraw.

The husband thereafter moved to vacate the "Agreed Order." In support of the motion, he filed an affidavit that he had been led to believe in the course of settlement discussions that the court would make certain findings and that he had therefore signed the "Agreed Order" in which the purported findings were incorporated. He also alleged that he thereafter spoke personally with the trial judge and was informed that no rulings or findings had yet been made. The motion to vacate was denied, and this appeal followed.

The husband first contends on appeal that his joining in the settlement agreement resulted from being misled and from a lack of under-

standing of the nature of the agreement. Specifically, he asserts that he believed that the provisions of the document he signed were those already determined upon by the trial court, and that his pressing for more favorable terms would have been fruitless. He also points out that the agreement he signed refers to findings which the trial court had not actually made and claims that the terms of this document were therefore false.

■■ The law looks with favor on the amicable settlement of issues growing out of marital dissolutions. (*Guyton v. Guyton* (1959), 17 Ill. 2d 439.) A property settlement agreement will nevertheless be set aside if procured by fraud or coercion, or if contrary to any rule of law, public policy or morals. (*James v. James* (1958), 14 Ill. 2d 295.) In order to be fraudulent, a misrepresentation must consist of a false statement of material fact, known to be false by the party making it, made for the purpose of inducing the other party to act in reliance on its truth, and in fact must have been acted upon by the party to whom it was directed. Fraud must be established by clear and convincing evidence. *Wilke v. Wilke* (1977), 51 Ill. App. 3d 438.

■■ In the instant case, the husband has not contended that the signature on the document setting out the terms of the agreement was not his, that he failed to understand its terms, or that he failed to realize that his assent thereto would terminate the litigation. Instead, his petition to vacate was founded upon his contention that he signed the agreement because he was "led to believe that the Court would make certain findings" consistent with those in the "Agreed Order" and "would enter its Order based on the evidence before the Court as well as the discussion with the attorneys for the parties." We find this allegation insufficient to allege such fraud as will require the vacation of a settlement agreement. The husband's contention that he was "led to believe" that the court had decided upon its findings fell short of alleging that he was lied to in this regard, or that he in fact entered into the agreement because of any such misrepresentation.

■■ The husband next argues that a settlement agreement is not binding until approved by the trial court, citing *Crawford v. Crawford* (1976), 39 Ill. App. 3d 457, and *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627. However, in those cases the inequity of the agreement, which was not alleged here, was the significant consideration. We conclude that property settlements which have been assented to by the parties may not be cancelled solely upon the withdrawal of one party's assent prior to entry of the judgment. Agreements in settlement of pending litigation become effective when arrived at unless the parties have subjected their effectiveness to the occurrence of other contingencies. *In re Marriage of Olsher* (1979), 78 Ill. App. 3d 627; *In re Marriage of De Frates* (1980), 91 Ill. App. 3d 607.

■■ The husband rightly points out, however, that the "Order" he signed is not identical to the "Agreed Order" actually entered by the court. Agreements in settlement of litigation cannot be unilaterally altered as to material terms without the consent of both parties. (*Herhold v. Herhold* (1970), 123 Ill. App. 2d 293, 297; *Pearson v. Pearson* (1976), 42 Ill. App. 3d 522.) However, the deletion of the purported findings made by the court is not a material alteration in the circumstances.

■■ The husband was at all times represented by counsel in the settlement negotiations. It is hardly conceivable that his attorney told him the court had made certain findings when the hearing was not concluded. His attorney may have advised him that the court would probably reach such conclusions or the attorney may have deemed it advisable to stipulate to the findings. The fact that the husband may have been led to believe something different is not grounds for vacating an agreement, where the only change in that agreement is the deletion of nonoperative provisions.

In *Filko v. Filko* (1970), 127 Ill. App. 2d 10, the party seeking to vacate the property settlement alleged that she was emotionally unbalanced and did not understand the agreement at the time she consented thereto. In affirming the trial court's denial of her motion to vacate, the court commented: "In absence of a showing that her previous attorney was not properly representing her, * * * the decree of the trial judge should be affirmed." *Filko*, at 26. See also *In re Estate of Moss* (1969), 109 Ill. App. 2d 185.

The purpose of counsel in settlement negotiations is to advise their clients as to their best interests. Absent a manifest inequity in the agreement reached, the courts will not delve into the communications between a party and his attorney. Here the husband, with the advice of counsel, signed a document which settled pending litigation. The order eventually entered by the court mirrored the operative provisions of that agreement.

In this case, the parties had agreed on all the terms of the settlement agreement, with nothing to be done by the trial court except entry of the order expressing that agreement. We therefore hold that the husband was properly bound to its terms. The judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

REINHARD and NASH, JJ., concur.