EXCHANGE NATIONAL BANK OF CHICAGO, as Trustee, Plaintiff-Appellee, v. RANDY S. SAMPSON, d/b/a Suburban Graphics, Defendant-Appellant.

Second District   No. 2—88—1000

Opinion filed August 11, 1989.

David Drenk, Douglas Drenk, and Nancy J. Smith, all of Drenk & Smith, Ltd., of Wheaton, for appellant.

Steven L. Sommerfield, of Naperville, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Randy S. Sampson, d/b/a Suburban Graphics, appeals the judgment of the circuit court of Du Page County awarding the plaintiff, Exchange National Bank of Chicago, as trustee under trust No. 3529, a writ of possession of the defendant's business premises on Main Street in Wheaton, Illinois, rent arrearage and attorney fees and costs. The defendant's motion to vacate the judgment was denied, and this appeal was filed.

The defendant raises these issues: (1) whether the trial court lacked authority to unilaterally amend the terms of its agreed order with the plaintiff and thereafter enforce the amended terms against it; and (2) whether the trial court abused its discretion when it awarded plaintiff attorney fees. Also taken with the case is the plaintiff's motion for attorney fees incurred in this appeal. We affirm and remand the cause for an evidentiary hearing on plaintiff's attorney fees incurred on appeal.

On June 2, 1988, in lieu of trial on the plaintiff's complaint in forcible entry and detainer (Ill. Rev. Stat. 1987, ch. 110, par. 9—101 et seq.), the trial court entered an agreed order setting forth the terms of the settlement reached between the parties as follows:

"AGREED ORDER

This cause having come before the Court for trial & the parties having conferred with counsel & desirous of settling this matter, & the Court being advised in the premises, it is ORDERED:

1) Defendant has tendered Plaintiff checks Nos. 9410, 9416 & 9424 in the aggregate sum of $3100.00 as & for rents in arrears for June 1988 and July 1988.

2) Defendant shall mail to Plaintiff on or before June 12, 1988 a check in the amount of $1325.00 representing the bal-

ance of the rent due for March, 1988 based upon the agreement of the parties to split the plumbing bill of 1246.61, Plaintiff contributing $625.00 and Defendant the balance.

3) The parties agree to split evenly any future plumbing repairs to pipes contained in the walls or ceilings. The parties shall promptly confer to make any such repairs & provide each other with bills.

4) This cause is continued for 4 months. If Defendant fails to deposit the rent in the mail on or before the 1st day of the month, on motion of Plaintiff, a writ of possession shall issue. If all conditions are complied with, this cause shall be dismissed, each party to bear its own fees and costs."

In August, the defendant petitioned the court to find the plaintiff in contempt of court for violating the agreed order by failing and refusing to confer regarding plumbing repairs and by refusing to pay for any plumbing repairs. Plaintiff moved to strike or deny the defendant's petition for a contempt finding and filed its motion for writ of possession and judgment for unpaid rent and for attorney fees and costs. Plaintiff alleged therein that the rent for August in the amount of $1,950 had not been received as of August 11, 1988, and that the parties' lease provided for attorney fees and costs in the event of a default. Appended to the motion was plaintiff's counsel's affidavit as to the fees and costs incurred in connection with the litigation.

On August 18, after hearing evidence and argument, which included defendant's argument that time was not made "of the essence" in the agreed order, the court denied the plaintiff's motion for writ of possession and required the defendant to pay the August rent *instanter*. Then, on its own motion, the trial court amended the agreed order to provide as follows:

"Time is of the essence in payment of rent. All rent shall be delivered to plaintiff or its agent on or before the first day of the month."

Subsequently, on September 14, plaintiff filed a second motion for writ of possession and judgment, alleging the September rent had not been paid. Plaintiff again requested attorney fees and costs as provided in the lease and appended to the motion was plaintiff's counsel's updated affidavit of fees and costs incurred in connection with the litigation.

Following a hearing conducted on September 19 at which the defendant unintentionally was absent, the court awarded plaintiff possession of the business premises, $1,950 for rent arrearage, and

$1,588.50 for attorney fees and costs. (See Ill. Rev. Stat. 1987, ch. 110, par. 9—109 (permitting trial *ex parte*).) On September 23, the defendant moved to vacate the court's June 2, August 18 and September 19 orders. The defendant alleged he had been constructively evicted from the premises due to the plaintiff's failure and refusal to rectify water leaks and that plaintiff's request for attorney fees was unsupported by authority or time records. The court denied the motion and set an appeal bond for the defendant in the amount of the judgment, $3,538.50. The defendant filed its notice of appeal from the court's June 2, August 18, September 19 and September 23 orders.

■ The defendant first contends the court lacked authority to unilaterally amend the terms of the agreed order and thereafter enforce the amended terms against it. We find that defendant has waived his right to challenge the amended agreed order.

The defendant correctly notes the general rule that a settlement agreement may not be altered as to material terms without the consent of both parties (*People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1985), 106 Ill. 2d 1; *In re Marriage of Maher* (1981), 95 Ill. App. 3d 1039), nor may a court on its own motion or accord alter such an agreed order (*Herhold v. Herhold* (1970), 123 Ill. App. 2d 293, 297). A material term is one which has a legal effect different from the original language of the agreement. *In re Application of Busse* (1984), 124 Ill. App. 3d 433.

■ The ordinary rules of contract construction apply to settlement agreements (*In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583; *In re Marriage of Marquardt* (1982), 110 Ill. App. 3d 271), and valid assent to the terms of an agreement may be inferred from the conduct of a party. (Restatement (Second) of Contracts §19, at 55 (1979).) Although the court's June 2 entry of the parties' agreed order was not appealable because it was an agreed order (*Fahner*, 106 Ill. 2d at 8; *Berymon v. Henderson* (1985), 135 Ill. App. 3d 858), the order amending the agreement on the court's own motion was appealable. First, the amendment was an alteration of a material term of the agreement. Second, an order prepared at the direction of the trial court cannot be characterized as an agreement of the parties and is, therefore, appealable by those prejudiced thereby. (See *Zurich Insurance Co. v. Raymark Industries, Inc.* (1986), 145 Ill. App. 3d 175, *aff'd* (1987), 118 Ill. 2d 23.) Where no timely appeal is taken from a final and appealable order, however, the appellate court is without jurisdiction to consider the propriety of that order. *Bank of Ravenswood v. Maiorella* (1982), 104 Ill. App. 3d 1072, 1073-74; *Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 674.

■■ The defendant did not bring a timely appeal from the court's amendment of the agreed order, nor, in fact, did he ever raise at trial the issue of the propriety of the court's amendment of the agreed order. Applying contract construction principles, the defendant's failure to act to challenge the court's amendment of a material term of the agreed order at the time the plaintiff sought to enforce the amended agreed order amounted to a ratification of the amendment. (See generally Restatement (Second) of Contracts §7, at 20 (1979); Corbin, Contracts §6, at 10 (1952).) The defendant had the power to avoid the court's amendment by a timely appeal just as appeals were taken, albeit not necessarily successfully, in the cases relied on by the defendant in support of its position that the court lacked the authority to amend the agreement without the parties' consent. (*In re Marriage of Maher*, 95 Ill. App. 3d at 1039 (husband appealed denial of his motion to vacate agreed order which incorporated certain "findings" not yet made by the court upon which findings the husband relied in signing the agreement); *Pearson v. Pearson* (1976), 42 Ill. App. 3d 522 (husband appealed award of attorney fees made to wife upon proofs reopened between the time the court approved the parties' oral property agreement and entered the decree of divorce); *Herhold v. Herhold* (1970), 123 Ill. App. 2d 293 (husband filed appeal from court's entry of a property settlement decree which he claimed was contrary to the parties' agreement where there otherwise was no claim of fraud, misrepresentation or coercion between the parties to the settlement).) Thus, the defendant's failure to bring a timely appeal from the court's order amending the parties' agreed order or even to raise the issue at trial precludes review of the amendment on this appeal from the court's subsequent judgment enforcing it. *Bank of Ravenswood*, 104 Ill. App. 3d at 1074.

Accordingly, we conclude the defendant has waived his right to appeal the court's amendment *sua sponte* of the agreed order.

The defendant's further contention is that the court erred when it awarded the plaintiff attorney fees. Defendant argues the award was without a basis in either a statute or a contract and there were no evidentiary facts supporting the amount of the fees.

■■ The defendant correctly states the general rule that fees are not allowable to the prevailing party in a civil suit except where there is an applicable statute or an agreement between the parties. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 488-89; *Yorkshire Village Community Association v. Sweasy* (1988), 170 Ill. App. 3d 155, 163; *Qazi v. Ismail* (1977), 50 Ill. App. 3d 271, 272.) The amount of fees should be determined on the basis of facts in evidence rather than upon specula-

tion (*Losurdo Brothers v. Arkin Distributing Co.* (1984), 125 Ill. App. 3d 267, 276), and a court may properly award attorney fees according to the specific language of the contract (*Ferrara v. Collins* (1983), 119 Ill. App. 3d 819, 825; *Qazi*, 50 Ill. App. 3d at 273). In determining the issue of fees and expenses to be awarded, the trial court's decision will not be disturbed absent a manifest abuse of discretion. *Michigan Avenue National Bank v. Evans, Inc.* (1988), 176 Ill. App. 3d 1047, 1057-58; *Losurdo*, 125 Ill. App. 3d at 275.

■■ The defendant argues initially that any claim for attorney fees incurred prior to the date of the agreed order, June 2, 1988, was merged into the agreed order and thereafter barred. The authority defendant relies on for this proposition, *Madison Associates v. Bass* (1987), 158 Ill. App. 3d 526, 539, does not lend itself to the interpretation defendant affords it. *Madison Associates* sets forth the general rule that a valid settlement agreement operates as a bar to all included and prior causes of action. (158 Ill. App. 3d at 538.) *Madison Associates* also provides, however, that a settlement agreement is conclusive on the parties "as to matters fairly considered and intended to be included within its terms." 158 Ill. App. 3d at 539.

As shown above, the June 2 agreed order provided that: "[i]f all conditions are complied with, this cause shall be dismissed, each party to bear its own fees and costs." Clearly the conditions of the agreed order were not complied with, and the plaintiff's right to attorney fees as provided in the lease was not extinguished.

Plaintiff's claim for attorney fees at trial and its motion for attorney fees on appeal was then and is now grounded on paragraph 16 of the lease. The lease was not part of the record below. However, the plaintiff has appended a copy of the lease to its motion for attorney fees on appeal. As shown on that copy, paragraph 16 is a "Confession of Judgment" clause whereby the defendant as lessee agrees to confess a judgment or judgments for such money as may be due for rent or otherwise and for costs of suit and for reasonable attorney fees in favor of the plaintiff as lessor. We note that paragraph 15 shown on the copy of the lease, "Costs and fees," is virtually identical to the clauses in *Wanderer v. Plainfield Carton Corp.* (1976), 40 Ill. App. 3d 552, and *Losurdo Brothers v. Arkin Distributing* (1984), 125 Ill. App. 3d 267, both cited by the plaintiff, which were held to authorize an award of attorney fees and costs expended by the lessors in enforcing the covenants of the respective leases. See also *First National Bank v. Mid-Central Food Sales* (1984), 129 Ill. App. 3d 1002, 1009-10.

Defendant argues the trial court's award of attorney fees could not have been based on the specific language of the lease because nei-

ther a copy of the lease nor a recitation of the provision or clause of the lease relied on by the plaintiff was attached to or included in any pleading as required in section 2—606 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—606). That section provides that, if a claim or defense is founded upon a written instrument, a copy or relevant excerpt thereof must be attached to the pleading as an exhibit or recited therein unless the pleader attaches his or her affidavit to the pleading stating facts showing that the instrument is not accessible. When the issue of the failure to attach such written instrument has not been raised at trial, however, it cannot be raised on appeal. (*Senese v. City of Chicago* (1967), 88 Ill. App. 2d 178.) Contrary to the defendant's claim in its post-trial motion that the plaintiff's pleadings had not "cited any authority for receiving said fees," the plaintiff did cite the specific paragraph of the lease upon which it relied, albeit by number designation only. Defendant never argued the lack of a copy of the lease at trial, and we find the issue waived on appeal.

■ Defendant's further contention that the court's award was based upon "conclusory [*sic*] allegations" rather than facts in evidence is without merit and its reliance on *In re Application of County Collector* (1988), 175 Ill. App. 3d 985, is misplaced. In *County Collector*, we denied the appellant's request for attorney fees and costs where the request was made in a conclusionary sentence unsupported by sufficient factual allegations. "A petition for fees must specify the services performed, by whom they were performed, the time expended thereon and the hourly rate charged therefor." *Fitzgerald v. Lake Shore Animal Hospital, Inc.* (1989), 183 Ill. App. 3d 655, 661.

Plaintiff's affidavit in the instant cause described the work performed, the total hours of office time and court time, the respective hourly rates for such time, and itemized the costs and expenses incurred in connection with the litigation. Moreover, the parties have stipulated the plaintiff was prepared at trial to supplement its affidavit with the time sheets upon which its affidavit was based, but the trial court elected to rely on plaintiff's affidavit. Defendant cites no authority which would require the court to receive time sheets in evidence before awarding attorney fees, nor has defendant argued the fees awarded were unreasonable.

In sum, we conclude the court did not err in awarding plaintiff attorney fees.

■ By motion ordered taken with the case, the plaintiff has requested that it also be awarded its attorney fees on appeal. As noted above, a copy of the parties' lease was attached to this motion. The defendant has not filed objections to plaintiff's motion as permitted by

Supreme Court Rule 361. (See 107 Ill. 2d R. 361(b)(2).) Inasmuch as payment of plaintiff's attorney fees incurred in the collection of rent due under the lease is expressly provided for in the lease, and inasmuch as the amount of attorney fees and costs on appeal are more properly determined upon a petition and evidentiary hearing in the trial court (*Losurdo*, 125 Ill. App. 3d at 277), we remand the cause for such petition and evidentiary hearing.

The judgment of the circuit court of Du Page County is affirmed. The cause is remanded for a hearing and award of attorney fees to the plaintiff.

Affirmed and remanded with directions.

INGLIS and NASH, JJ., concur.