(No. 35169.—

VIRGINIA T. GUYTON, Appellee, *vs.* JOHN GUYTON, Appellant.

*Opinion filed September 24, 1959—Rehearing denied Nov. 16, 1959.*

440

LLOYD D. HETH, of Chicago, for appellant.

JAMES P. MORGAN, and SOL R. FRIEDMAN & I. S. FRIED-MAN, all of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

By decree entered July 3, 1958, the circuit court of Cook County granted the plaintiff, Virginia T. Guyton, a divorce from her husband, John Guyton, on the ground of desertion. After reciting that the parties have entered into an agreement adjusting their property rights, the decree provides that defendant shall convey to the plaintiff free of any encumbrance the real estate theretofore occupied by them as a home; that he shall pay her as a lump sum settlement in lieu of alimony the sum of $15,000, out of which she shall pay bills incurred by her in the approximate amount of $5,000; and that she shall have as her sole and separate property, all of the household goods, furniture and furnishings on the premises, with the exception of defendant's clothing and certain other personal effects. It was further provided that each is divested of all rights in any property which the other now has or may hereafter acquire. Defendant appeals from that part of the decree ordering the conveyance of property and the payment of money to the

plaintiff. A freehold being involved the appeal is properly taken directly to this court.

Defendant contends that no settlement agreement was ever reached; that even if made, the agreement is invalid because not reduced to writing; and that there is no evidence showing the settlement to be fair and equitable. On the issues involved in this appeal the record discloses that the parties were married on September 25, 1954; that no children were born of the marriage; that defendant did not appear at the hearing; and that the evidence consists of plaintiff's testimony as to the terms of the stipulation or agreement. By affirmative answers to questions by her counsel she testified that in the event the court sees fit to grant a divorce she and her husband had agreed upon a settlement of alimony, property and all other rights; that according to this agreement the home is to be deeded to her clear of encumbrances, including the present mortgage of about $18,000; that she is also to receive $15,000 in cash and is to hold defendant harmless of all bills she had incurred, totalling some $5,000; that in addition he is to pay her the sum of $5,000 in full for her attorneys' fees; that she is to receive all the goods, furniture and furnishings in the home, except defendant's personal items and toys belonging to his two children by a former marriage; and that she is to have no further claim for alimony, dower, or other rights in the property of defendant.

The defendant's attorney, who also represents him on this appeal, was present throughout the hearing, made no objection to any of Mrs. Guyton's testimony, and introduced no evidence on defendant's behalf. When plaintiff's counsel presented a draft of the decree three weeks later, however, he objected on the grounds that his client was unable to obtain an anticipated loan, from the proceeds of which the payments to plaintiff were expected to come; that Mr. Guyton was without funds and deeply in debt;

that the plaintiff's present and former lawyers were unable to come to an agreement among themselves upon the respective amounts of their fees; and that the items in the home which were to belong to the defendant were not sufficiently specified. After noting defendant's objections, the court proceeded to enter the decree for divorce, awarding to the plaintiff the real estate, furniture and household goods, and ordering defendant to pay off the mortgage and pay to the plaintiff the additional sum of $15,000. It was further provided that defendant's clothing, wearing apparel, golf clubs or books remaining on the premises were to remain his separate property, and that the plaintiff shall turn over to him the toys belonging to his children by a prior marriage.

On July 11, 1958, defendant filed, in support of a motion to vacate the decree, his affidavit and that of his attorney setting forth substantially the same considerations related to the court when the decree was presented. The motion was denied, and a notice of appeal to this court was filed on November 12, 1958.

On November 19, 1958, a purported order was entered, over defendant's objection, amending the decree so as to insert a provision ordering defendant to pay plaintiff's present attorneys the sum of $5,000 for her attorneys' fees in full. The order recites a finding that the amount of attorneys' fees was inadvertently omitted from the decree.

To reverse the portions of the decree appealed from, the defendant claims first that the agreement was neither alleged in the complaint nor sustained by proof. He argues that the complaint contains no reference to an agreement between the parties; and that the evidence of an agreement consists only in "yes" or "no" answers to leading questions in which the provisions supposedly agreed upon were related at length by her attorney. There is no merit to the contention. As to the pleadings objection it is sufficient to point out that this is not a suit for breach of contract or specific

performance, in which the complaint, to state a cause of action, must allege an agreement. In suits for divorce it is a common practice for the parties to voluntarily adjust, subject to the court's approval, the collateral rights arising from the marital relationship, and such arrangements obviously are not required to be alleged in the complaint. The contention that the existence and terms of the agreement were not sufficiently proved is answered by the plaintiff's testimony summarized above, and by the fact that no objection thereto or evidence to the contrary was offered by defendant at the hearing. In the absence of objection or evidence to the contrary, such testimony is clearly sufficient to show the agreement. *Joslyn* v. *Joslyn,* 315 Ill. App. 160.

Defendant next asserts that the provisions are unenforceable because the agreement was an oral one for the conveyance of real estate and hence in violation of the Statute of Frauds. Where the parties to a divorce proceeding contract in respect to alimony and property rights arising out of the marriage relationship, and the provisions agreed to are incorporated in the decree, the contract becomes merged in the decree. (*Adler* v. *Adler,* 373 Ill. 361.) The rights of the parties are thereafter based upon the decree, not the agreement; and the requirement of the Statute of Frauds that contracts concerning real estate be in writing has no application.

Apparently implying that the property settlement here is not a fair and reasonable one, defendant urges a rule that decrees based thereon may be set aside where the arrangements are shown to be manifestly inequitable under the circumstances. The law looks with favor upon the amicable settlement of property rights and is reluctant to disturb decrees based thereon. (*Walters* v. *Walters,* 409 Ill. 298.) It has long been settled that parties to a divorce suit may voluntarily adjust their property interests and the amount, if any, to be paid as alimony; and that when such agree-

ments are made a part of the decree the parties are concluded thereby. *Storey* v. *Storey,* 125 Ill. 608; *Buck* v. *Buck,* 60 Ill. 241.

A consent decree will be set aside and vacated where it has resulted from fraud or coercion by either party, and we have recently decided that inequity and unfairness in the terms of the settlement, at least where its execution has been accompanied by some element of coercion or misrepresentation, is enough to call for relief. (*James* v. *James,* 14 Ill.2d 295.) But before such questions can be considered there must be evidence of the manner in which the negotiations were conducted, the needs and station in life of the parties, or other circumstances affording basis for such relief. The record in this case contains nothing upon which a determination of fraud or unfairness could be made.

Defendant's argument that there is no evidence showing the order to be fair and equitable misconceives the nature of the issues in this case. The question of fairness was determined here by the parties themselves. If error was made it was that of defendant or his counsel, not that of the chancellor. In the words of this court's opinion in *Smith* v. *Smith,* 334 Ill. 370, 379, "The parties did not rely upon the equity powers of the court for the adjustment of their marital rights so far as property was concerned. They did what they had a legal right to do—adjusted those rights by mutual agreement. Like any other agreement upon full consideration, the parties are concluded by it in the absence of fraud."

The remaining contention pertains to the validity of the order amending the divorce decree. The original decree was entered July 3, 1958. Notice of appeal was filed November 12, 1958, and specified that the appeal was from portions of the decree of July 3, 1958. The amending order was not entered until November 19, 1958, and the notice of appeal was neither amended nor was there a cross appeal

perfected. (See Ill. Rev. Stat. 1957, chap. 110, pars. 101.33 and 101.34.) In view of these facts, the question of the validity of the amending order is not properly before this court.

For the reasons discussed the decree as entered on July 3, 1958, is affirmed.

*Decree affirmed.*