(No. 43368.—

THE PEOPLE *ex rel.* Edward J. Kazubowski, Petitioner, *vs.* LOY E. RAY, Sheriff, Respondent.

*Opinion filed May 21, 1971.*

WARD, J., took no part.

ANNA A. PHELPS, of Kewanee, for petitioner.

WILLIAM K. O'CONNOR, State's Attorney, of Cambridge, (GRÉGG A. YOUNG, ANDREWS & ANDREWS, and CLAROLD L. BRITTON, of JENNER & BLOCK, of counsel,) for respondent.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The petitioner, Edward J. Kazubowski, filed a petition for a writ of *habeas corpus* in this court, seeking his release

from the custody of Harold T. Johnson, Sheriff of Henry County, where he had been confined in the Henry County jail as a result of contempt citations. Subsequently, he filed a second or supplemental petition, requesting the same relief. A writ was issued, pending a hearing before this court, releasing the petitioner from the sheriff's custody. A return to the writ was filed by the respondent, and the petitioner filed an answer to the return. This matter comes before the court on this record.

The petitioner had been in the custody of the respondent under three separate orders of commitment for contempt of court entered by the circuit court of the 14th Judicial Circuit, Henry County. All three orders arose out of a divorce proceeding in which the petitioner was the defendant. In *Kazubowski* v. *Kazubowski,* 93 Ill. App. 2d 126, the decree for divorce, the property settlement decree, and orders finding the petitioner in contempt for failure to pay alimony and attorney's fees were sustained. We denied a petition for leave to appeal from the judgment of the appellate court (39 Ill.2d 625), and the United States Supreme Court denied a petition for writ of *certiorari.* 393 U.S. 1117, 22 L. Ed. 2d 122, 89 S. Ct. 993.

Subsequently, the defendant filed three separate and direct appeals to this court wherein he alleged that the effect of the orders of the trial court, entered after his unsuccessful appeal and the decision of the appellate court, was to deprive him of his constitutional rights. Those appeals were consolidated for hearing, and all final orders appealed from were affirmed by this court in *Kazubowski* v. *Kazubowski,* 45 Ill.2d 405. The facts of the proceedings below were fully stated in this decision and need not be restated here.

The petitioner was committed, pursuant to three orders of the circuit court: one dated May 2, 1969, which this court has found to be valid (45 Ill.2d 405, 416, 417); an earlier unappealed order dated October 7, 1966; and a third order dated July 2, 1970, which was entered by the trial court

subsequent to the aforementioned appeals, from which no appeal was taken. The unappealed orders must be presumed to be valid.

In seeking a writ of *habeas corpus,* the petitioner questions the jurisdiction of the trial court to enter two of the three orders holding him in contempt. He construes the contempt citations to be criminal rather than civil and challenges the two orders in that they fail to meet the requirements of due process in a criminal contempt proceeding. Criminal contempt is conduct which is directed against the dignity and authority of the court or a judge acting judicially, while civil contempt ordinarily consists of failing to do something ordered to be done by a court in a civil action for the benefit of the opposing litigant therein. (*People ex rel. Chicago Bar Association* v. *Barasch,* 21 Ill.2d 407, 409; *People* v. *Gholson,* 412 Ill. 294, 298.) These contempt actions arose out of a divorce proceeding, and were brought by the plaintiff in that proceeding for the purpose of collecting unpaid alimony, attorney's fees, and interest; they were not punitive in nature, but rather, were prosecuted to enforce the rights of the plaintiff in the divorce proceeding—the collection of money due under valid orders of the court; and they are civil in nature and, thus, are not subject to the due-process requirements of indirect criminal contempt proceedings.

In construing these contempt proceedings as criminal in nature, the petitioner twice filed his special and limited appearance to the rules to show cause which the court had issued prior to the entry of the contempt findings. He refused to offer any testimony at the hearings on the contempt citations, choosing instead to stand on his challenge to the jurisdiction of the court to hold him in contempt. By so doing, he apparently sought to preserve for review the question of whether these are, in fact, indirect criminal contempts.

The petitioner is in error in his contention for three

reasons. First, he originally consented to the general jurisdiction of the court over his person as well as over the subject matter of the divorce when he entered his general appearance in the original divorce proceeding and sought and obtained a jury trial. In *Martin* v. *Chicago and Milwaukee Electric R.R. Co.,* 220 Ill. 97, at page 99 this court said: "There can be no question as to the jurisdiction of the person of the appellant Martin, for the reason that he made a motion for a separate jury trial without limiting his appearance, which brought him personally before the court for all the purposes of this proceeding. The fact that he *afterwards,* as the record shows, entered a special appearance and moved the court to dismiss the petition, and *afterwards* filed the so-called plea to the jurisdiction, does not deprive the court of the jurisdiction to his person acquired by his general appearance theretofore entered in moving for a separate jury trial." By entering his general appearance and contesting the divorce action, the petitioner submitted to the jurisdiction of the court to enter orders against him. *Lord* v. *Hubert,* 12 Ill.2d 83, 86, 87.

Secondly, the civil contempt proceedings of which the petitioner complains were brought to enforce the final orders of the court entered with respect to alimony, attorney's fees and interest. These proceedings were logical extensions of the original divorce proceeding and the jurisdiction invoked· to make the divorce and property settlement decrees effective extends to any subsequent proceedings taken to enforce such final decrees. (*Leman* v. *Krentler-Arnold Hinge Last Co.,* 284 U.S. 448, 454, 76 L. Ed. 389, 52 S. Ct. 238.) Under this view, only an appropriate notice of the respective contempt proceedings was required, and the petitioner received such notice.

Under analogous circumstances, the United States Supreme Court in *Leman* held that additional proceedings to cite a defendant for civil contempt are not to be construed

"as an original complaint but as a continuation of the proceeding already begun." Also, in 17 Am. Jur. 2d 44, it is stated that: "The fact that a divorce decree has become final does not deprive the court of power to enforce an order for the payment of costs, and attorneys' fees by contempt proceedings."

Thirdly, the petitioner is in error because he actually seeks to review the divorce orders by means of the extraordinary remedy of habeas corpus, rather than by appeal. The writ of habeas corpus may not be used to perform the functions of an appeal, and it is only where the judgment of commitment is void—not merely erroneous—that a discharge should be granted. *People ex rel. Merrill v. Hazard,* 361 Ill. 60, 63.

The petitioner unsuccessfully exhausted his remedies as to the commitment order of May 2, 1969, and never appealed the commitment orders of October 7, 1966, or July 2, 1970. The decrees and contempt orders entered by the circuit court below are all valid and enforceable. The decrees and orders from which the petitioner seeks relief have either been adjudicated adversely to him on review or no appeal was taken therefrom, and he cannot use the writ of habeas corpus to obtain either a review or an additional review thereof.

The writ is quashed and the petitioner is remanded to the custody of the sheriff of Henry County, to serve the sentence of the court, or until released by due process of law.

*Writ quashed and petitioner remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.