Merle Leach, Plaintiff-Appellee, *v.* Penna I. Leach, Defendant-Appellant.

(No. 74-209; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Third District—March 14, 1975.

BARRY, J., specially concurring.

Phillip A. Troha, of Troha & Troha, of Joliet, for appellant.

Robert Adcock, of Adcock & Hanson, of Morris, and James R. Fleming, of Coal City, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a denial by the Circuit Court of Grundy County of a section 72 petition (Ill. Rev. Stat. 1973, ch. 110, par. 72). It was filed by defendant Penna Leach to vacate a prior divorce decree in favor of her husband Merle Leach. It is contended that the divorce decree or portions thereof were fraudulently induced .

The record discloses that the parties to the action were married in Missouri in 1966 and had 3 young daughters (ages 7, 4 and 2) as a result of the marriage. Marital difficulties developed between the parties a few days after Christmas 1973, when Penna Leach moved out of the home and into an apartment. Plaintiff apparently had first resisted the move, but then consented to it and helped her move her things. He also cosigned a note to cover the rent of the apartment.

On January 10, 1974, plaintiff Merle Leach came to defendant's apartment and found her in the bathtub. He showed her a paper which read "Now comes defendant, Penna I. Leach, and hereby enters his [sic] appearance pro se and denies each and every allegation in the Complaint and consents to an immediate hearing on the facts." This document was entitled "Entry of Appearance and Answer to Complaint." The names of the parties to this action were shown in the caption on the document, and plaintiff informed defendant that he wished a divorce and that if she would sign the document she would be consenting to the divorce. Defendant said she cried, but said if he insisted on the divorce she would consent to it and sign the paper.

The parties agree that before the defendant Penna Leach signed the entry of appearance, she asked plaintiff, Merle Leach, what would become of the children. Plaintiff responded, "I will never take the kids away from you." Defendant thereupon signed the document. Apparently the complaint had not been filed at that time nor was there even any discussion as to the basis for the divorce, although defendant assumed it would be on mental cruelty.

Four days after the signature to the entry of appearance, on January 14, 1974, plaintiff appeared with counsel at the Grundy County Circuit Court and filed a complaint for divorce on the ground of mental cruelty. He also filed the document which was signed by defendant. Defendant did not appear, nor did she even know about the hearing. The court immediately took testimony from the plaintiff concerning grounds for divorce.

Plaintiff Merle Leach testified that the children were in his possession

and that defendant had professed a lack of love for the children. He also stated that she told him she no longer wished for the custody of the children. He likewise testified that she was contemplating getting the divorce herself and that he thought himself a fit and proper person to have custody of the children. On the basis of the testimony of plaintiff, the trial court, in the provisions of the divorce decree, granted custody of the children to Merle Leach. The complaint also requested a determination of property rights. The trial court, without any significant evidence, granted the family home, furniture and automobile to Merle Leach. He was also authorized to keep all personal property in his possession while defendant could keep such property as she had in her possession. Each was to assume all liabilities associated with the property granted, and hold the other party harmless from such debt. Defendant was given visitation rights as to the children.

Defendant Penna Leach testified at the section 72 hearing that she found out about the divorce hearing and the custody situation not earlier than 3 days later, on January 17. The decree was not formalized until January 24, and defendant did not see a copy of the decree until February 21. Her section 72 petition was filed on February 27 in which defendant sought to set aside the divorce decree or to have it amended as to the issues of custody of the children and the property disposition.

In the petition, defendant Penna Leach, alleged plaintiff's misrepresentation to her on January 10 that he "would not take the children from her." She stated that she was led to believe by plaintiff that custody and property matters would be settled equitably in court with both parties present. She stated she was induced to sign the entry of appearance by plaintiff's representation that he would not "take away the kids." She also asserted that plaintiff thereby fraudulently misrepresented facts to the court which induced the court to enter the decree in plaintiff's favor.

The court heard testimony from both parties and from defendant's mother, and plaintiff called other witnesses who testified generally that defendant had often said she didn't want the children. The court thereafter denied the section 72 petition filed by defendant Penna Leach. On appeal in this court, defendant asserts that the trial court erred in denying the petition since it was shown at the hearing that (a) plaintiff fraudulently obtained defendant's signature on the entry of appearance and (b) plaintiff gave false and misleading testimony in the court which induced the entry of the divorce decree and provisions thereof.

■■ Where a decree is obtained by fraud of either party or contrary to law or public policy, it may be set aside under a section 72 petition or modified as to portions thereof (*Roth v. Roth*, 45 Ill.2d 19, 256 N.E.2d

838 (1970); *James v. James*, 14 Ill.2d 295, 152 N.E.2d 582 (1958)). The section 72 remedy (Ill. Rev. Stat. 1973, ch. 110, par. 72) is principally designed to give relief to those whose interests are inequitably treated before a trial court, and such relief may be sought up to 2 years following judgment. As stated by the court in *Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 613, 190 N.E.2d 348 (1963):

"* * * petition filed under section 72, such as we have here, invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances."

It is true, also, that such petition is not intended to relieve a party from the consequences of his own mistake or negligence. *Brockmeyer v. Duncan*, 18 Ill.2d 502, 505, 165 N.E.2d 294 (1960).

The parties agree that plaintiff said, in response to the inquiry by defendant prior to the execution of the entry of appearance, "I will never take the kids away from you." Defendant testified that she signed the entry of appearance, consenting to the divorce, on the basis of this representation, and that she would not have signed it had she thought that plaintiff would thereby get custody of the children without giving her an opportunity to contest this issue, as well as any property issues which might arise.

Plaintiff Merle Leach, however, testified that defendant told him on January 10 and on other occasions that she did not want the house or the children nor could she take care of the children and that they would be much better off with him. He stated that he told her on the day she signed the entry of appearance that he was going to take the children and that she had expressed some fear that she would never see them again. In this manner, plaintiff explained his statement about "never taking the kids" as meaning, to him, that he would allow his wife visitation rights. He likewise called witnesses who testified that on some occasions, before and after the divorce, defendant had told these witnesses that she did not want the children and that they would be better off with Merle and that she was a dope addict and could not give them much of a life.

Defendant denied making such statements, both those to her husband and to the other witnesses. She admitted knowing that her husband wanted the children but claimed that she thought she would have a chance to fight for custody in court and for her rights in marital property. Defendant asserts that she would not have signed the consent form but for plaintiff's statement that he "would not take the kids away from her." It is difficult to believe that she could interpret plaintiff's statement to mean that he was simply talking about visitation rights.

While it is not clear as to the nature of the representations made by the husband, the fact remains that defendant was, in effect, subjected to a default judgment "attended by unfair, unjust or unconscionable circumstances" (see *Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 613, 190 N.E.2d 348 (1963)). It is apparent from the language which was used that defendant obviously signed the entry of appearance intending to consent only to the divorce itself and not to a change in custody or even a property disposition. Plaintiff appeared at defendant's bathroom door and had her sign the unverified form in which she denied allegations of a complaint she had not seen, which was in fact not filed until 4 days later, and which might not even have been in existence at the time she signed the form.

The divorce hearing was summarily held 4 days later, and defendant knew nothing about it as far as the record shows until some days thereafter. No attempt was made to evaluate the defendant's equity in property, but the property was granted outright to plaintiff. To the extent, certainly, that the court may have thought an agreement had been made between the parties, a fraud was perpetrated both on the court and on the defendant. The testimony at the section 72 hearing was that no such agreement had been reached. We do not feel that the inequity which may have resulted to defendant was due to any culpable negligence or mistake attributable to defendant's actions.

■■ In view of the record in this cause, we have concluded that the trial court abused its discretion in not exercising equitable power to grant the relief prayed in the section 72 petition and to order a hearing on the issues of custody of the children and an equitable property disposition in the cause. We, therefore, affirm the portion of the order granting a divorce but the remainder of the decree, insofar as it pertains to custody and property issues, is vacated, and the cause is remanded to the Circuit Court of Grundy County for further hearings to be held on those issues. We make no observation as to what disposition the court should ultimately make in determining such issues, but it is clear that defendant is entitled to her day in court upon the issues of custody of the children and disposition of the property.

For the reasons stated, the decree of the Circuit Court of Grundy County granting custody of the children to plaintiff and determining the property rights of plaintiff and defendant in the cause are hereby vacated, and this cause is remanded to the Circuit Court of Grundy County for the purpose of conducting a hearing at which both the rights of plaintiff and defendant may be asserted and determined with a view to a disposition that is equitable and fair to the parties to this cause, and in the best interests of the children involved.

Affirmed in part and reversed and remanded in part with directions.

STENGEL, J., concurs.

BARRY, J., concurring: I concur in the result declared in the opinion but not in everything which is said therein.