In re MARRIAGE OF ANN BOWER, Respondent-Appellee, and SIDNEY BOWER, Petitioner-Appellant.

First District (3rd Division)    No. 78-2039

Opinion filed August 6, 1980.

Donald A. Le Boyer, of Chicago, for appellant.

Schiller & Schiller, Ltd., of Chicago (John F. Martoccio, of counsel), for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Sidney Bower, brought a petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), seeking to vacate a judgment of divorce which incorporated an oral property settlement agreement. Petitioner claimed that respondent, Ann Bower, made a fraudulent misrepresentation which induced him to enter into the property settlement agreement. The trial court dismissed the section 72 petition and petitioner appeals. We affirm.

Pursuant to a stipulation between the parties, a hearing on the complaint for divorce proceeded as a default matter. At the hearing, the trial judge stated that the parties had reached a property settlement agreement and that "no coercion or no promises were made, one to the other in connection with the disposition of the property rights." A judgment of divorce which incorporated the property settlement agreement was entered on December 18, 1975.

On November 16, 1977, petitioner filed a section 72 petition in which he sought to vacate the judgment of divorce. In his petition and supporting affidavit, petitioner states that there had been extended negotiations between the parties and their attorneys prior to the hearing on the divorce. He alleges that during the pretrial conferences and the trial, respondent had promised to make a will which would provide for Richard Bower, the son of the parties. According to the affidavit, respondent had expressed her love, affection and desire to provide for her son with the property she would receive as the result of any property settlement. Petitioner alleges that he relied on the respondent's representation that she would make adequate financial provisions for the son and consequently was induced to enter into the oral property

settlement. Based upon this reliance, petitioner states that he gave up rights to property which he may have been able to retain if the matter had proceeded as a contested hearing. Petitioner further alleges that respondent died on August 15, 1976, and had "disinherited" their son; she left the bulk of her estate to her brother in a will executed on January 8, 1976.

■■■ Petitioner contends that his section 72 petition sufficiently alleges facts which would require modification of the divorce judgment, because he would never have entered into the property settlement agreement and the court would not have approved the agreement if respondent's fraudulent intention had been known. In order to constitute fraud, a misrepresentation must consist of a material fact, false and known to be so by the party making it, made to induce the other party to act, and, in acting, the other party must rely on the truth of the statement. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 333, 371 N.E.2d 634, 641; *Roth v. Roth* (1970), 45 Ill. 2d 19, 23, 256 N.E.2d 838, 840.) An indefinite statement will not qualify to support an action for fraud. Additionally, a person must have a right to rely on the alleged fraudulent representation. *Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 48, 51, 390 N.E.2d 393, 403, 405; see *Schmidt v. Landfield* (1960), 20 Ill. 2d 89, 94, 169 N.E.2d 229, 231.

■ Here, we do not believe petitioner has sufficiently alleged facts constituting fraud. The petitioner alleges that respondent said that she would make adequate financial provisions for their son and that she would make a will providing for their son. But neither the petition nor the affidavit in support of the petition sets forth any specific terms of the alleged undertaking. The alleged statements by the respondent are too vague and indefinite to form a reasonable basis for one's reliance. Consequently, as a matter of law, the allegations do not amount to a representation of a fact on which petitioner had a right to rely.

Since the section 72 petition fails to allege sufficient facts to warrant relief, the trial court's dismissal of the petition was proper. (See *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294, 296; *Union Oil Co. v. Lang* (1971), 132 Ill. App. 2d 658, 662, 270 N.E.2d 609, 612.) Accordingly, the order dismissing the section 72 petition is affirmed.

Affirmed.

McGILLICUDDY, P. J., and SIMON, J., concur.