*In re* MARRIAGE OF WAYNE H. PEARSON, Petitioner-Appellee, and JOAN D. PEARSON, Respondent-Appellant.

First District (1st Division)   No. 80-2242

Opinion filed October 26, 1981.

Frank T. Steponate and Thomas G. Merkel, both of Chicago, for appellant.

Edwin R. Armstrong and James R. Donnelley, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

The husband, Wayne H. Pearson, filed a petition to terminate unallocated maintenance payments because the former wife, Joan D. Pearson, had remarried and the minor child of the parties had commenced residing with the husband. The court ruled that all payments to the wife were to cease. The wife appeals this ruling as it pertains to maintenance and contends that the court erred in terminating the portion of the unallocated maintenance which was attributable to maintenance because the parties had expressly agreed to the continuance of maintenance payments after her remarriage.

For the reasons set forth herein, we affirm.

On October 24, 1978, a judgment of dissolution of marriage was entered, which judgment incorporated the September 18, 1978, marital settlement agreement of the parties. The settlement agreement purported to "settle between themselves now and forever the questions of alimony and support of the wife * * *." This agreement provided, in pertinent part:

"The husband agrees to pay to the wife as and for unallocated maintenance, the sum of One Thousand Dollars ($1,000.00) per month. Said maintenance shall be adjustable as follows:

(a) On the nineteenth birthday of the minor child, SUSAN, the sum shall be reduced automatically by Three Hundred Dollars ($300.00) per month.

(b) In the event that the wife remarries during a six year period after the entry of the Judgment for Dissolution of Marriage, then and at that time, the said maintenance shall be reduced by Three Hundred Fifty Dollars ($350.00) per month, for the balance of the six year term, and thereafter, the wife shall be barred from any claim of maintenance at the termination of the six year period.

(c) In the event that the wife has not remarried after the sixth year, and the husband has, therefore, been paying Seven Hundred Dollars ($700.00) per month, he shall continue to pay Seven Hundred Dollars ($700.00) as and for maintenance. However, at that time, in the event there is a change in circumstances for either of the parties, either can apply to the court for a modification.

(d) In the event of the death of the wife, the husband shall be relieved from any further obligation for payment herein.

Further, said sum is based on the current earnings of the husband's represented federal income tax return and also based upon the wife's current employment."

On January 23, 1980, the wife filed two post-decree petitions. The first was a petition for a rule to show cause which alleged, *inter alia*, that the husband had failed to pay $1,000 as unallocated maintenance pursuant to the October 24, 1978, judgment and that payments were reduced to $700 per month in August 1979. The second was a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) to set aside and vacate the marital settlement agreement as it pertained to unallocated maintenance. On May 21, 1980, the husband filed his petition with a supporting affidavit to strike the wife's section 72 petition, his answer to petition for rule to show cause, and his petition to terminate payments of maintenance and child support. In support of the latter petition, the husband averred that the wife had remarried on May 17, 1980, and that the minor child of the parties had resided with him since May 1979. The wife filed her response to the husband's petition to terminate payments of maintenance and child support in which she alleged that the remarriage of the wife was contemplated at the time the parties entered into the marital settlement agreement and that payments for maintenance cannot be abated. Upon hearing the various petitions of the parties, the trial court entered an order striking the wife's section 72 petition. A second hearing was held concerning the husband's petition to terminate payments and the court

entered an order terminating payments for child support and permanently terminating maintenance as of the date of the wife's remarriage. The sole issue raised on appeal is whether it was proper for the trial court to terminate maintenance payments to the wife.

The wife argues that section 502(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 502(a)) authorizes the parties to an action for dissolution of marriage to enter into settlement agreements. She contends that the purpose of the legislature in permitting settlement agreements was "to promote amicable settlement of disputes between parties to a marriage attendant upon the dissolution of their marriage * * *." (Ill. Rev. Stat. 1979, ch. 40, par. 502(a).) She argues that when section 502(a) is read in conjunction with section 502(f), which allows the parties to preclude modification of the settlement agreement, except as to matters pertaining to custody, support or visitation of children (Ill. Rev. Stat. 1979, ch. 40, par. 502(f)), it is clear that the legislature intended that all parties to a dissolution of marriage negotiate and agree to a fair and equitable disposition of their individual property rights. (See *Guyton v. Guyton* (1959), 17 Ill. 2d 439, 444-45, 161 N.E.2d 832, 834-35.) She further contends that she and the husband negotiated and agreed to a settlement which they considered to be in "their best interest to settle between themselves *now and forever* the questions of alimony and support of the wife * * *." (Emphasis added.) This phrase, she contends, indicates that the parties intended that the award of maintenance to the wife to be final and not modifiable. The wife argues that the provision of the settlement agreement which continues unallocated maintenance subsequent to her remarriage is a vested property right which was the result of negotiation and was the voluntary agreement of the parties and which cannot be modified for six years. To permit the husband to renege on the agreement, she urges, would be inequitable and would controvert the express understanding of the parties.

The husband agrees that the law favors separation agreements between the parties to a dissolution of marriage; however, he argues that the agreement must be structured within the framework of the Illinois Marriage and Dissolution of Marriage Act. The husband contends that the settlement agreement and the judgment did not expressly preclude modification and that, therefore, the judgment and settlement agreement were modifiable. In support of his contention, the husband relies upon section 502(f), which states:

> "Except for terms concerning the support, custody or visitation of children, the judgment may expressly preclude or limit modification of terms set forth in the judgment if the separation agreement so provides. Otherwise, terms of a separation agreement set forth

in the judgment are automatically modified by a modification of the judgment." (Ill. Rev. Stat. 1979, ch. 40, par. 502(f).)

The husband argues that the wife's reliance upon the inclusion of the phrase "now and forever" in the preamble to the separation agreement is erroneous because a preamble to an agreement is not part of the agreement. (12 Ill. L. & Prac. *Contracts* §225 (1955).) The husband contends that, regardless of the parties' intent, the clear command of section 510(b) is that, upon remarriage of the spouse receiving maintenance, the spouse who is paying maintenance to the other is relieved of the obligation to continue to make payments. He relies upon *Bramson v. Bramson* (1980), 83 Ill. App. 3d 657, 404 N.E.2d 469, to support his contention that the directive of the statute makes mandatory the termination of maintenance upon the remarriage of the spouse who is receiving maintenance. In response to the wife's contention that there can be no modification for six years, the husband argues that the court still could modify the unallocated maintenance payments to the wife in the event the wife had not remarried and the minor child of the parties began residing with the husband.

Although the law looks with favor upon the amicable settlement of the rights of the parties to a dissolution of marriage (*Guyton v. Guyton* (1959), 17 Ill. 2d 439, 161 N.E.2d 832), the terms of a marital separation agreement will not be given effect if procured by fraud or coercion or if contrary to any rule of law, public policy or morals. (*James v. James* (1958), 14 Ill. 2d 295, 299, 152 N.E.2d 582, 584; *In re Marriage of Maher* (1981), 95 Ill. App. 3d 1039, 1042, 420 N.E.2d 1144, 1146.) In the instant case, the husband urges that the continuance of maintenance violates the directive of section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 510(b)), and that, therefore, maintenance should be discontinued regardless of the modifiability of the settlement agreement or the parties' intent. (*Bramson v. Bramson* (1980), 83 Ill. App. 3d 657, 404 N.E.2d 469.) We need not address this issue since we hold that the settlement agreement was modifiable according to its terms.

■■■ The wife's contention that the use of the phrase "now and forever" precludes modification of the settlement agreement is misplaced. This phrase is in the preamble to the operative provisions of the agreement and, therefore, does not obligate the parties. (See 12 Ill. L. & Prac. *Contracts* §225 (1955).) We view this language to be merely precatory, and it does not expressly preclude modification. (*Dull v. Dull* (1979), 73 Ill. App. 3d 1015, 1018, 392 N.E.2d 421, 424.) Aside from the foregoing phrase, there is nothing in the record to support the wife's contention that the agreement was not modifiable. We also note that if the wife had not remarried within a six-year period following the entry of the judgment of

426

dissolution of marriage, and the minor child had relocated with the father, either party could petition the court for a modification of the unallocated maintenance payable to the wife. In short, there is nothing in the agreement which expressly precludes or limits modification of the settlement agreement. (See *Burks v. Burks* (1981), 100 Ill. App. 3d 700, 427 N.E.2d 353; *Potocki v. Potocki* (1981), 98 Ill. App. 3d 501.) It follows that the trial court was correct in modifying the settlement agreement of the parties under the facts of this case and the decision of the trial court is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.