*In re* MARRIAGE OF JO ANN REDMER, a/k/a Jo Ann Beckner, Petitioner-Appellant, and JACK LEE REDMER, Respondent-Appellee.

Second District No. 82—204

Opinion filed December 10, 1982.

Jonathan L. Carbary, of Robert A. Chapski, Ltd., of Elgin, for appellant.

James M. Bolz, of McCuaig, Haeger & Bolz, of West Dundee, for appellee.

JUSTICE NASH delivered the opinion of the court:

Jo Ann Redmer, now Jo Ann Beckner (wife), appeals from an order granting a petition by her former husband, Jack L. Redmer (husband), to amend the judgment of dissolution of the marriage of the parties.

The judgment of dissolution was entered on January 25, 1979. It provided, *inter alia,* that the wife have custody of the minor child of the parties, who was then 11 years of age, and the husband pay $55 each week as child support. Maintenance was denied to both parties.

The judgment also determined that the parties had an equal interest in their marital home and gave temporary possession of it to the husband under certain terms and conditions: that each party had an option to purchase the other's interest therein for one-half of its appraised value of $165,000; that in the event neither party exercised the option within a specified time, the property was to be listed for sale and the net proceeds of sale divided equally between them; that each party was to be responsible for one-half of accruing taxes and the husband responsible for mortgage and utility payments and maintenance of the property while he was in possession. Neither party, however, exercised their option to purchase the home and initial attempts to sell it were not successful; the husband remained in possession.

On May 7, 1981, more than two years after entry of the judgment of dissolution, the husband filed a petition in which he sought permanent custody of the minor child and, also, that the judgment be amended to permit the husband and the child to have exclusive possession of the former marital home until such time as the child becomes emancipated. The petition requested that on emancipation of the child the property be then sold and the proceeds divided equally between the parties.

The wife thereupon petitioned the court to enforce the terms of the judgment by ordering the immediate sale of the property and division of the proceeds. She also filed a motion to strike the husband's petition on the grounds it failed to allege any jurisdictional basis upon which the trial court could then amend or modify the property provisions of the judgment.

The trial court denied the wife's motion to strike and, after a hearing, transferred custody of the child to the husband without objection by the wife. On February 8, 1982, after further hearing, the court denied the wife's petition to sell the property and entered an order amending the 1979 judgment by granting exclusive possession of the property to the husband until such time as the child becomes emancipated when it is to be sold and the net proceeds equally divided between the parties. The wife appeals.

The sole question presented by this appeal is whether the circuit court had subject matter jurisdiction in 1982 to amend that portion of the 1979 judgment which distributed marital property between the parties. The wife does not contest the change of custody of the child nor was she directed in the order to contribute to the child's support.

The wife contends that her property rights in the former marital home created by the judgment of dissolution had become vested and

the trial court lacked jurisdiction to modify it after the judgment became final. The husband asserts that the amendment related to child support, rather than a disposition of property rights, and the court was thus authorized to so modify the judgment.

 Generally, the subject matter jurisdiction of a court is lost and its final decree in a civil case is a conclusive adjudication after 30 days from its entry. (Ill. Rev. Stat. 1981, ch. 110, par. 50(5); *Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 53, 398 N.E.2d 5, 8.) In a dissolution proceeding, however, the court retains jurisdiction for the purpose of enforcing its judgments. (*People ex rel. Kazubowski v. Ray* (1971), 48 Ill. 2d 413, 417, 272 N.E.2d 225, 227, *cert. denied* (1971), 404 U.S. 818, 30 L. Ed. 2d 118, 92 S. Ct. 78.) Section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 510(a)) provides for the "Modification and Termination of Provisions for Maintenance, Support and Property Disposition" and states, in relevant part:

> "[T]he provisions of any judgment respecting maintenance or support may be modified only as to installments accruing subsequent to the filing of the motion for modification with due notice by the moving party and only upon a showing of a substantial change in circumstances. *The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State.*" (Emphasis added.)

 The trial court considered that the last sentence of section 510(a) was a jurisdictional grant authorizing it to amend the terms of the prior judgment if the special circumstances of the case so required. Section 510(a), however, clearly bars revocation or modification of the terms of a property disposition in a judgment unless "the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." The husband did not request the relief sought by his petition within 30 days from the entry of the final judgment of dissolution (Ill. Rev. Stat. 1979, ch. 110, pars. 68.1, 68.3) and it was not brought within the two-year period during which post-judgment relief would lie. (Ill. Rev. Stat. 1979, ch. 110, par. 72.) Nor did the petition allege facts which, if timely presented for post-judgment relief, might have authorized the court to reopen the judgment in order to vacate or modify its property terms. See, *e.g., In re Marriage of Pearson* (1981), 101 Ill. App. 3d 422, 425, 428 N.E.2d 578, 581; *Thompson v. Thompson* (1980), 91 Ill. App. 3d 943, 945, 415 N.E.2d 28, 29-30; *In re Marriage of Bower* (1980), 87 Ill. App. 3d 324, 326, 409 N.E.2d 75, 77; *In re Marriage of Beck* (1980), 83 Ill.

App. 3d 976, 980, 404 N.E.2d 972, 974.

We conclude that section 510(a) did not grant the trial court the broad authority upon which it relied to vary the terms of the initial judgment in this case.

■ Property rights created by a judgment of divorce become vested when the judgment is final and a trial court lacks general jurisdiction to modify an order affecting those rights. (*Lamp v. Lamp* (1979), 73 Ill. App. 3d 713, 392 N.E.2d 349, *aff'd* (1980), 81 Ill. 2d 364, 410 N.E.2d 31; *In re Marriage of Kekstadt* (1980), 85 Ill. App. 3d 952, 956, 407 N.E.2d 746, 749; *Kelly v. Kelly* (1982), 105 Ill. App. 3d 136, 139, 434 N.E.2d 55, 58, *appeal denied* (1982), 91 Ill. 2d 570; see *Waggoner v. Waggoner* (1979), 78 Ill. 2d 50, 398 N.E.2d 5; *Jamal v. Jamal* (1968), 98 Ill. App. 2d 180, 240 N.E.2d 246.) As earlier noted, section 510(a) (Ill. Rev. Stat. 1981, ch. 40, par. 510(a)) permits modification of the property disposition in such a judgment only under the conditions which would permit reopening of a judgment as in other civil cases.

■ Child support directed to be paid by a party, however, is subject to modification upon showing of a substantial change in circumstances. Ill. Rev. Stat. 1979, ch. 40, par. 510(a); *In re Support of Burks* (1981), 100 Ill. App. 3d 700, 704, 427 N.E.2d 353, 355-56; *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 369, 410 N.E.2d 31, 37.

The dispositive question presented by this appeal is whether the husband's petition to "amend" the judgment, as requested, sought a modification of the judgment's child support provisions or was, instead, directed towards a revision of the property rights of the parties as determined by that judgment.

We note first that the husband's petition did not ask to modify the child support provisions of the judgment, nor does the record disclose that a hearing was held at which evidence was presented directed to the justification for a child support order under section 505 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 505). The order entered by the trial court was also not directed to the question of child support; it simply denied the wife's petition to sell the property, as ordered in the initial judgment, and amended the provision of the judgment that the property be sold to provide for its continued possession by the husband until the minor child is emancipated. There is nothing in the record to suggest that the disputed order was considered by either party or the trial court to be a form of child support.

It also seems apparent that the original judgment, as directed to the property in issue, was not considered to be a part of the child sup-

port obligations of the parties. Their respective interests in the property were fixed in that judgment and its division between them determined. Child support was separately provided for by the provision that the wife have custody and the husband make weekly payments for that purpose.

The husband relies primarily upon *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 410 N.E.2d 31, and *Pope v. Pope* (1972), 7 Ill. App. 3d 935, 289 N.E.2d 9, to sustain his argument that the award of possession of the home to him may be now considered as a child support contribution of the wife, thus permitting the modification of that aspect of the initial judgment. However, *Lamp* and *Pope* are readily distinguishable. In each of those cases the original judgment had set aside the use of the marital home for the support of the parties' minor children. The ownership interests in the property, also granted to the parties in the judgment, were there conditioned upon its temporary possession by the custodial parent as a home for the children, a form of child support. (See *Lamp v. Lamp* (1980), 81 Ill. 2d 364, 371-72, 410 N.E.2d 31, 34; *Pope v. Pope* (1972), 7 Ill. App. 3d 935, 937, 289 N.E.2d 9, 11.) In such circumstances the property interests of the parents clearly would not vest until such time as the home was no longer subject to their child support obligations. In the present case, the property interests of these parties was not so conditioned in the judgment.

The conclusion urged by the husband in the present case would be especially inappropriate as the trial court made no finding in either the initial judgment or its amendment that the award of temporary possession of the former marital home was a provision for child support or necessary for that purpose.

■ We conclude that the award of their interests in the home to the parties in the 1979 judgment was a property disposition and not subject to modification as a form of child support under the Illinois Marriage and Dissolution of Marriage Act. The orders of the trial court denying the wife's petition to enforce the initial judgment and amending it in response to the husband's petition will be reversed and the cause remanded with directions that the wife's petition be granted.

Reversed and remanded with directions.

REINHARD and UNVERZAGT, JJ., concur.