ANN NEUMANN, Plaintiff-Appellant, *v.* PAUL NEUMANN, Defendant-Appellee.

Second District   No. 77-43

Opinion filed February 15, 1978.

Wayne F. Weiler, of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellant.

Puckett, Barnett, Larson, Mickey, Wilson & Ochsenschlager, of Aurora, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Ann Neumann appeals from a trial court order which denied her certain post-decree relief. The issues on appeal concern a difference between the provisions of the decree and the property settlement agreement, relating to medical insurance coverage. The decree provides that Paul Neumann maintain medical insurance on both his wife and his children, while the property settlement agreement provides only for coverage of the children. Paul Neumann cancelled his medical insurance on Ann Neumann after the entry of the decree, and Ann Neumann subsequently purchased her own medical insurance. In addition to the cost of the premiums from 1973 on, she incurred expenses of around $1,400 over and above the insurance coverage as the result of a period of hospitalization in 1976. In her petition, Ann Neumann sought (apart from matters not relevant to this appeal) an order requiring Paul Neumann

to compensate her for sums thus expended and to maintain medical insurance on her as provided in the decree. The trial court determined that as between the decree and the property settlement agreement, the agreement governed and denied the relief which Ann Neumann sought. It is from this holding that she appeals.

The divorce itself had been uncontested. A divorce prove-up was held on February 4, 1972. Ann Neumann was the only witness, and while counsel for Paul Neumann was present, Paul Neumann did not attend. Ann Neumann testified that she and Paul Neumann had entered into a property settlement agreement. She was asked various questions concerning its terms; however, the matter of health insurance was never mentioned. On cross-examination, she was asked whether she had read the property settlement agreement. At that point, her counsel interjected that he had not had the opportunity "to submit it to her to actually read" but, "for the record she will do this as soon as this proof is over and if there is anything about it that we are in disagreement we will * * * call it to the court's attention." Paul Neumann had signed the agreement prior to the hearing on February 4, and Ann Neumann signed it on the day of the hearing. The court asked whether the property settlement agreement was going to be made "a matter of evidence" or instead was going to be attached to the decree, and was informed that it would be attached. It appears that due to certain pending foreclosure proceedings, there was a need for some haste in securing the entry of the decree, and counsel for Paul Neumann asked the judge if he would sign the decree, subject to counsel "making such adjustments if any would be needed in the property settlement agreement." Both the decree and property settlement agreement were then dated February 4, 1972, and the decree was signed by the judge.

Unfortunately, this somewhat abbreviated procedure did not terminate the litigation. On April 28, 1975, Ann Neumann filed a "Petition to Modify Decree of Divorce," praying for an increase in alimony and child support and certain other relief, and that Paul Neumann be ordered to provide hospital insurance for Ann Neumann "in accordance with the previous orders of this court." On January 26, 1977, she filed a second petition ("*nunc pro tunc*" to July 27, 1976) which set forth the variance between the property settlement agreement and the decree. She alleged that Paul Neumann "at sometime following the entry of the decree" had ceased carrying insurance for her, and that she had incurred medical expenses in excess of $5,000. The petition prayed for a judgment in this amount and an order requiring Paul Neumann to maintain the requisite coverage. Paul Neumann filed a petition praying that the trial court modify the decree by decreasing the amount of the alimony payments. Ann Neumann subsequently filed a "special defense" which cited provisions in both the

decree and the property settlement agreement pertaining to modification of alimony payments. In a second "special defense" Ann Neumann raised the argument that Paul Neumann's prayer was barred by laches and estoppel.

A few additional facts came to light at the evidentiary hearing on the parties' petitions. The property settlement agreement had been prepared by counsel for Paul Neumann, while counsel for Ann Neumann had drafted the decree. Paul Neumann had remarried on February 18, 1972 (12 days after the entry of the decree) and immediately switched the medical insurance coverage from Ann Neumann to his new wife. Ann Neumann purchased her own medical insurance coverage commencing in 1973. After studying the testimony, the decree, the property settlement agreement, and the transcript of the divorce prove-up, the trial court held that the property settlement agreement must "control" regarding the question of medical coverage, since "if the terms were to be changed, it should have been made clear at the hearing in order to allow the transcript to reflect the change."

This case does not involve a trial court making a determination to impose an obligation which was not present in the property settlement agreement between the parties. (Compare *Pearson v. Pearson* (1976), 42 Ill. App. 3d 522.) Counsel for Ann Neumann has conceded that the trial judge did not read the decree "a line at a time," but relied upon the apparent agreement of the parties and attorneys. It is obvious from the report of proceedings of the divorce prove-up that the court did not intend to impose any condition which was at variance with the agreement, and assumed that the parties concurred concerning all of its terms.

Instead, it is apparent that the variance between the decree and the property settlement was the result of a mistake. The seeds of the mistake are to be found in the fact that the property settlement agreement was drafted by one side, and the decree by the other, with no apparent realization that there was an incongruity between the two documents. This error was nurtured by the press of time, in which the pending foreclosure proceedings were an important factor, which led to the decree being entered without detailed examination, either by Paul Neumann, or his counsel, or the court. The result was that when the court entered the decree it inadvertently imposed a condition changing the obligations set forth in the property settlement agreement.

■■ Implicit in the trial court's holding that the "property settlement agreement must control" is a finding not only that the trial judge did not intend to impose conditions not contained in the property settlement agreement when he entered the decree, but also that the property settlement agreement correctly stated the parties' understanding

concerning medical insurance coverage. The latter finding is compelled by the written agreement itself, which was executed by both parties. Further, such a finding may reasonably be inferred from the fact that 12 days after the property settlement agreement was signed by the parties, Paul Neumann remarried and immediately took Ann Neumann off of his medical insurance policy and immediately substituted his new wife. Ann Neumann was aware of this because she obtained her own coverage and made no attempt to enforce the terms of the divorce decree until April 28, 1975. In our view, the trial court was thus essentially justified in its refusal to enforce the medical insurance provision of the decree.

■■ Ann Neumann has argued that, even assuming the decree was erroneous, Paul Neumann is barred from attacking it by his failure to file a proper motion to vacate or modify the decree, or to institute a proceeding for post-judgment relief under section 72 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). If this were the usual case in which it is an erroneous ruling or judgment which is being attacked, Ann Neumann would be correct (*cf. Gibbons v. Gibbons* (1977), 50 Ill. App. 3d 942). However, the error in this case was not judicial in character, but rather consisted of the failure of the written decree to properly reflect the trial court's judgment, which was intended to incorporate the terms upon which the parties had agreed, and no others. The property settlement agreement is part of the record in this case and constitutes the correct statement of the obligations which the court thought that it was imposing by its decree. Since it appears that Ann Neumann obtained her own medical insurance after the decree was entered, she cannot claim detrimental reliance upon the decree. Under these circumstances, a *nunc pro tunc* correction of the decree would have been justified (see Amendments and Jeofails (Ill. Rev. Stat. 1975, ch. 7, par. 2); *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807), and it was, therefore, not error for the trial court to refuse to grant Ann Neumann the relief which she prayed for in her petition. However, in order that the record properly reflect the judgment which was entered on February 4, 1972, we are remanding the cause for entry of an order correcting the decree *nunc pro tunc* so that it states the obligations pertaining to medical insurance, as set forth in the property settlement agreement, which the court intended to impose by its decree.

The judgment of the circuit court of Kane County is therefore affirmed and the cause remanded.

Affirmed and remanded.

NASH and WOODWARD, JJ., concur.