KAREN CHASTAIN, Petitioner-Appellant, v. RANDALL CHASTAIN, Respondent-Appellee.

Third District No. 3—86—0009

Opinion filed November 10, 1986.—Rehearing denied December 18, 1986.

Matthew A. Maloney, of Pierson, Maloney & Rayfield, of Princeton, for appellant.

Louis E. Olivero, of Peru (Kathy Olivero, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

The issue in this appeal is whether the trial court abused its discretion in denying Karen Chastain's petition for post-judgment relief. Karen sought to correct the provision for child support in the judgment order entered in the circuit court of Bureau County.

The facts are not in dispute. A judgment of dissolution of marriage between Karen Chastain and Randall Chastain was entered on

April 25, 1984, by the circuit court. On December 13, 1984, the parties and their attorneys appeared for a "Phase II" hearing. The court was advised that a settlement agreement had been reached by the parties. The substance of that agreement was stated for the record and included award of the marital home to Karen, award of another house to Randall, a division of personal property and various vehicles, assignment of responsibility for various debts, award of custody of the two minor children to Karen, and a cash payment of $1,500 from Randall to Karen.

The parties have one child who had attained his majority and two who were 17 and 11 years of age, respectively, on the date of the hearing. As to child support, Randall's attorney stated that he was to pay $230.51 twice each month, based on his net income of $922.03. The court inquired whether the 25% child support was to be paid even after the oldest minor child turns 18, and Randall's attorney answered, "That's correct." Karen's attorney then stated, "Paid until the youngest child attains the age of eighteen." The court then stated its understanding that the support payments would not be reduced when the oldest minor child reached 18. At the conclusion of the hearing, the court directed Randall's attorney to draw the order.

On the first day of March 1985, the trial judge signed the eight-page order, which also contained the signatures of the parties and their respective attorneys. Paragraph (9) of the order stated, in part, as follows:

> "That prior to the entry of this judgment, the parties entered into a certain property settlement agreement; that said agreement was entered into freely and voluntarily by the parties after full disclosure to each other of the assets and obligations; that the same is fair, reasonable and equitable under the facts and circumstances of this case, and that said agreement is as follows:
>
> * * *
>
> (c) Based upon counterpetitioner's [Randall's] present net income of $922.03 he agreed to pay and counterrespondent [Karen] agreed to accept child support in the sum of $460.00 per month or *$230.00 per month per child* as support, $230.00 payable on the 1st and 15th of each month, said payments to be made through the office of the Clerk of this Court, commencing immediately upon the entry of this judgment and continuing on the same day of each month thereafter until the last child attains the age of 18 years, becomes emancipated or

dies, whichever event occurs first." (Emphasis added.) Immediately following paragraph 9(c) in the order, there appears a handwritten paragraph which provides that Randall will be responsible for the college expenses of the oldest child.

After the order was entered, Randall made the child-support payments in full and on time until July 15, 1985. After the middle child's 18th birthday, he paid only $115 on each due date. Karen then retained different counsel, who filed a petition for post-judgment relief under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), pointing out the discrepancy between the settlement agreement as stipulated in open court and the language of the order entered several months later. The petition requested that a new order be entered "retroactively and nunc pro tunc" to conform the court order to the agreement. Attached to the petition was Karen's affidavit stating that between December 13, 1984, and March 1, 1985, she made no other agreement with Randall concerning the payment of child support and she did not authorize her attorney to make any additional agreement. She also stated that she signed the order with the understanding that she would receive support payments according to the terms of the agreement reached in open court.

Randall responded with a motion to dismiss, stating that Karen and her counsel approved the judgment order as written and that Karen "is estopped to complain of any other agreement on the question of child support." The trial court granted the motion to dismiss the petition. In the dismissal order, the court made specific findings that the parties agreed to the entry of the judgment, that Randall has paid his support payments according to the judgment order, that Karen was diligent in filing her petition for post-judgment relief, and that Karen did not have or present a meritorious defense. Karen has appealed from that order.

■ The problem is a simple one. The parties agreed in open court in December of 1984 that the child support payments of $230 twice each month would *not* be reduced when the oldest minor child reached the age of 18 years but would continue "until the youngest child attains the age of eighteen." When Randall's attorney drafted the order which was entered on March 1, 1985, he inserted a clause in the support provision stating that Randall would pay and Karen would accept "$230.00 per month per child as support." Four and one-half months later, Randall reduced his child-support payments by $230 per month to reflect the fact that one of the children had attained majority age. This action, of course, was consistent with the

provision for "$230.00 per month per child" but was inconsistent with another clause in the same sentence of the order, "said payments *** continuing on the same day of each month thereafter until the last child attains the age of 18." The issue on appeal is whether, on a petition for post-judgment relief, the trial court erred in refusing to correct the order to conform to the agreement of the parties. We find that the court erred.

The ambiguity in paragraph 9(c) of the order is patent. In fact, during oral argument before this court, counsel for Randall conceded that the order is ambiguous. It is also clear that this ambiguity was created by Randall's attorney, who drafted the order, and it is further undisputed that Randall took advantage of that ambiguity at the earliest opportunity by reducing his support payments by one-half, in direct contradiction to the settlement agreement. We find this situation to be unjust and one appropriate for post-judgment relief.

■ The purpose of section 2—1401 is "to give relief to those whose interests are inequitably treated before a trial court." (*Leach v. Leach* (1975), 26 Ill. App. 3d 241, 244, 325 N.E.2d 19, 21.) In order to obtain post-judgment relief, the petitioner must show that she has a meritorious defense and that she has exercised due diligence in seeking relief. (*Manning v. Meier* (1983), 114 Ill. App. 3d 835, 449 N.E.2d 560.) In this case the trial court found that Karen acted with due diligence in filing her petition approximately three months after receiving the first of the reduced payments, and we are persuaded that the court did not abuse its discretion in so finding. Karen did change attorneys before filing the section 2—1401 petition, and the lapse of time does not, under the circumstances, indicate a lack of diligence.

Counsel for Randall has also argued that the parties modified the support agreement after the December 1984 hearing and before the March 1985 entry of order to take into account the college expenses of the oldest child. However, the record is to the contrary. Karen's affidavit denying any agreement to reduce the support payments is uncontradicted. Randall also argues that the agreement set out in the transcript is too vague to amount to a valid contract. Obviously, this argument ignores the fact that the support provisions are *not* vague and that the only issue before this court is the question of support. Randall also contends that since Karen knew what she was signing when she approved the order, she is bound by what she signed. This overlooks the fact that what she signed is inherently ambiguous, and the problem is that she and Randall do not agree as

to the meaning of what they both signed.

This case is somewhat similar to *Neumann v. Neumann* (1978), 58 Ill. App. 3d 211, 373 N.E.2d 57, where the parties had agreed that the father would maintain medical insurance on the children only, but the order provided that he maintain medical coverage on his ex-wife as well. The father cancelled the mother's insurance, and she sought to enforce the decree. The court ruled that where the variance between the decree and the property settlement was the result of a mistake and where the property settlement set forth the correct understanding of the parties, the decree would not be enforced but rather would be corrected by means of a *nunc pro tunc* order. The appellate court noted it was obvious from the record that the trial court did not intend to make any changes in the settlement agreed to by the parties. The court held that, where the property settlement is part of the record and constitutes the correct statement of obligations which the court intended to impose, a *nunc pro tunc* correction should be made. The same rule applies to the case at bar.

It is clear from the record of the phase II hearing that the court intended to enter a decree incorporating the understanding of the parties. More than once the court stated that it was only interested in the terms of the parties' agreement and not in surrounding circumstances affecting the agreement. Accordingly, justice requires that the order of the circuit court be corrected to require Randall to pay $230 twice each month until the youngest child reaches age 18, without any reduction for the middle child attaining her majority. We, therefore, reverse the order of dismissal of the petition for post-judgment relief, and we remand with directions to enter a *nunc pro tunc* order conforming the decree of March 1, 1985, to the agreement of the parties as established in the record.

Reversed and remanded.

STOUDER and HEIPLE, JJ., concur.